Coflin, &c., v. Kelling, &c.

CASE 90—PETITION EQUITY—FEBRUARY 27.

# Coflin, &c., v. Kelling, &c.

APPEAL FROM KENTON CHANCERY COURT.

| 83 | 649 |
|----|-----|
| 105 | 792 |
| 83 | 649 |
| 109 | 449 |
| 83 | 649 |
| 133 | 368 |

1. A VOLUNTARY ASSIGNMENT FOR THE BENEFIT OF CREDITORS MADE IN ANOTHER STATE will pass personal property in this State as against a subsequent attaching creditor resident here, if the assignment be such as would be upheld and enforced if made in this State.

In this case an assignment made in Ohio transferring all the debtor's property without preference or priority is upheld as to personal property in this State as against a subsequent attaching creditor resident here, it appearing that bond has been executed, and that the assignee has qualified. The contents of the bond not appearing, the court assumes that it is such as is usually required of assignees.

2. COSTS.—As between the attaching creditor and the assignor, the creditor was properly adjudged to pay the costs, it appearing that he knew of the assignment when he obtained the attachment.

HALLAM AND MYERS FOR APPELLANTS.

1. A foreign assignment will not be enforced as against *resident* attaching creditors. (Johnson v. Parker, 4 Bush, 151; Warren v. Union Nat. Bank, 7 Phila., 156; Booth v. Clark, 17 How., 322; Farmers. & Mechanics' Ins. Co. v. Needless, 52 Mo., 17; Hope Mut. Life Ins. Co. v. Taylor, 2 Rob., 278; Hunt v. Columbian Ins. Co., 55 Me., 290; Taylor v. Columbian Ins. Co., 14 Allen, 352; Hoyt v. Thompson, 6 N. Y., 320; Osborn v. Adams, 18 Pick., 248; Hurd v. City of Elizabeth, 41 N. J. L., 1; Runk v. St. John, 29 Barb., 585; Bagby v. Atlantic, &c., R. R. Co., 86 Pa. St., 294; Chaffee v. Fourth Nat. Bank, Supreme Judicial Court of Maine, January, 1881, 11 Reporter; Fox v. Adams, 5 Me., 245; Todd v. Darling, 11 Me., 34; Felch v. Bugbee, 48 *Ibid.*, 9; South Boston Iron Co. v. Boston Locomotive Works, 51 *Ibid.*, 585; Pierce v. O'Brien, Supreme Judicial Court of Mass., Sept., 1880, 10 Reporter; Chicago, Mid. & St. P. Railway Co. v. Keokuk F. L. Packet Co., 108 Ill.; Burrill on Assignments, secs. 306 and 310.)

2. An assignment under the laws of Ohio is not an assignment by contract such as is valid everywhere, as the statute takes hold of the deed the instant it is made, and gives it the effect of what the statute says.

3. An assignment under the Ohio statute by reason of the large exemption and the preferred claims it allows is against the "well settled

policy" of Kentucky, and also against our "direct legislation." (Ohio Statutes, secs. 5430, 5441, 6348, and 6355.)

4. It does not appear that there was an acceptance of the trust before the attachment issued, which was necessary to the validity of the assignment. (Burrill on Assignments, section 265.)

5. A bond in Kentucky—a prerequisite to the assertion of any right by the assignee—was never given.

O'HARA & BRYAN for appellees.

1. A foreign assignment passes the title to personal property in Kentucky. (Forepaugh, &c., v. Appold, &c., 17 B. M., 625.)

2. If an assignment be in harmony with the laws of the State where the property is situated, the title passes and the rights of the assignee should be protected against subsequent attaching creditors. (Wharton on Conflict of Laws, section 353; Story on Sales, section 515; Brooks v. Marbury, 11 Wheat., 78; Halsey v. Whitney, 4 Mason, 213; Fuller v. Steiglitz, 27 Ohio St., 355; Johnson v. Sharp, 31 Ohio St., 617.)

3. The case of Johnson v. Parker, &c., 4 Bush, 151, distinguished.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellants, Samuel Coflin and others, citizens of Kentucky, holding claims against the appellee, Kelling, who was a citizen of Ohio, attached certain coke and barges as the property of Kelling, with a view of subjecting it to the payment of their debts.

Wolfe, another appellee, and also a resident of Ohio, claimed the property by virtue of a deed of assignment made to him by Kelling for the benefit of creditors prior in date to the attachment levied by the appellants.

As assignee of Kelling, Wolfe was permitted to intervene, and upon the hearing in the court below it was adjudged that the assignee for creditors was entitled to the property as against the attaching creditors, and of that judgment the latter complains.

The position assumed by counsel for the appellant is, that as the attaching creditors were citizens of

Kentucky, no assignment made in the State of Ohio
should affect the claims of creditors who had seized
the personal estate of the debtor in Kentucky for
the payment of their debts. In other words, that
where the creditor is a citizen of this State, and the
property of the debtor is within its territorial limits,
the right of the creditor here is not to be affected
by the assignment of the insolvent debtor in another
State for the benefit of creditors. The case of John-
son v. Parker, 4 Bush, 149, is relied on as sustaining
this view of the question.

In that case this court seems to have been reluc-
tant to pass on the question, because, as is plainly
intimated, no direct judicial decision had been re-
ferred to on the subject, and proceeded to deny pri-
ority to the appellant (the assignee), because there
was nothing in the record showing that any security
had been given by the assignee for the just and
proper distribution of the debtor's estate or its pro-
ceeds between creditors, holding that "*comity re-
quires reciprocity.*" Local bankrupt laws, as said in
that case, have *proprio vigore* no extra territorial
operation, the principle of international comity not
requiring the courts of one government to enforce
such a law to the prejudice of the domestic cred-
itors. The court in that case, however, recognized
the difference between an assignment by law, which
is local, and an assignment by contract; and while it
must be conceded that the reasoning in Johnson v.
Parker conduces to sustain the claim of the attach-
ing creditor, the question here made was not deter-
mined, but the case decided adverse to the assignee
for other reasons.

While there is much contrariety of opinion with. both elementary writers and in judicial decisions as. to the effect to be given assignments of personal property, it is certain. that an assignment made in one State contrary to the settled policy of another· State will not be enforced by the latter so as to· prejudice the rights of its own citizens who are creditors; but where such an assignment is in harmony with or in the line of policy with reference to the· rights of creditors residing in the State where the assignee is asserting his claim, we perceive no reason why the assignee in a voluntary assignment made in another State, should not be aided by the courts of this State in securing the property of the debtor that it may be distributed *pro rata* between all the creditors, whether citizens of this State or beyond its jurisdiction.

Such an assignment as was made in this case would have been valid here, and the rights of creditors are secured by the bond of the assignee, which seems· to have been the principal objection in the case of· Johnson v. Parker.

In Guillander v. Howell, 35 N. Y., 657, where the assignment preferring a creditor was made in New· York, and at the time personal property embraced in the assignment was in the State of New Jersey, and was seized by a resident of the latter State under an attachment, the New Jersey creditor was allowed to subject it, because by the law of that State such preferences were invalid; and when such questions arise the right of the assignee to claim personal property located in another State than that

in which the assignment is made as against domestic creditors must depend upon the character of the assignment, for if against the policy of the State law where the claim is asserted, it will not be enforced as against its own citizens. (Burrill on Assignments, sections 302, 307, 4th ed.)

If such an assignment, voluntary in its character, made by the debtor for his creditors is valid where made, it should be upheld everywhere, unless the policy of the State where it is sought to be enforced forbids it. Chancellor Kent says:

"The acts of parties valid where made, shall be recognized in other countries, provided they be not contrary to good morals, nor repugnant to the policy and positive institutions of the State."

The authorities relied on by counsel for the appellant apply to assignments made by operation of law, or to the assignment of choses in action where such assignments are not allowed, or to the action of courts in placing property in the hands of a receiver or to foreign bankrupt laws, and where the transfer of the property of the debtor is involuntary. "An assignment by law has no legal operation out of the State in which the act was passed, while a voluntary assignment, it being by the owner, is a personal right of the proprietor to dispose of his effects for honest purposes." (Burrill on Assignments, section 303, 4th edition, and a number of cases there cited.)

In the one case the owner disposes of his own property for a consideration that is valuable and to be commended, and in the other the foreign tribunal, without the consent of the owner, takes

charge of his estate, appoints the trustee, and disposes of the trust property. The transfer to the assignee is not only against the will of the owner, but would be void but for the law of the State that determines the insolvency, and passes the estate of the debtor into other hands without his consent. This seems to be the reason given by the text-books, and the decisions on the subject, for the distinction between voluntary and involuntary assignments.

The courts of this State will recognize the right of the owner to dispose of his property by contract, and will uphold such right although made in another jurisdiction, when not against the policy of our law, or plainly injurious to the rights of the resident creditor.

In the case of May v. Wannemacher, 111 Massachusetts, 202, it was held, in discussing a similar question, that an assignment made in Pennsylvania was entitled to preference over the attaching creditor in Massachusetts; that the assignment in no respect contravened the policy of the law as established in Massachusetts, and, therefore, was effectual to pass the rights of the debtor even to property not subject to the local laws of Pennsylvania.

In the case of Moore and others v. Willett, 35 Barbour, 663, the transfer was made in North Carolina, and the property afterwards seized under execution in the State of New York; it was held that the assignment must prevail as against the execution creditor.

In Law v. Mills, 18 Pa. State, 185, the debtors executed an assignment in the State of New York

that was hèld good against the attaching creditor in
Pennsylvania, the court going so far in that case
as to say that a voluntary assignment in trust is to
be ascertained by the law of the place of its origin;
and although the transfer in that case made a pref-
erence between creditors that was forbidden in the
State of Pennsylvania, it was adjudged that as it
was not in contravention of the law where it was,
executed it must prevail.

The Supreme Court of Ohio, the State in which
the assignment in the present case was made, in the
case of Johnson v. Sharp, 31 Ohio St., 617, held
that the assignee of the debtor was entitled to the
property as against subsequent attaching creditors.
The assignment in that case was executed in the
State of Missouri, and the property was in the State
of Ohio, where* the creditors also resided; still the
question involving the principle upon which the
recovery in this case was made to depend was in
that case discussed and decided. That court, in the
opinion rendered, said: .

"The decided weight of authority in this country
is that our courts will not subject our citizens to the
inconvenience of seeking dividends under a foreign
assignment in bankruptcy when they have the means
of satisfying their claims at home, and probably the
same may be said when the preference is sought over
any involuntary assignment of the debtor's property
made in *invitum* or by operation of law. But it
appears to us that a different rule should be main-
tained where a voluntary assignment is made in one
State of the Union of property situate in another. *

·* * The common right of every one to dispose of his property wherever he may be, and a reasonable acknowledgment of the principle of comity which should exist between the sister States of this Union, would seem to require a different rule, and such doctrine has been recognized in several of the States." (Johnson v. Sharp, 31 Ohio State, 619.)

A settled rule affecting the assignment and transfer of personal estate prevailing in our sister States, and adopted or followed in this State, can work no hardship on our citizens. The creditor here may be put to the inconvenience of presenting his claim to the assignee for payment in a different jurisdiction, but the same rule would apply to the creditor in Ohio where the assignment had been made in Kentucky. The only question in this case, it seems to us, is, would the assignment made in Ohio have been valid and enforced in this State if made here? If so, a subsequent attaching creditor should not be allowed to defeat the claim of the assignee.

There is nothing in this case inconsistent with the line of policy adopted in this State upon this subject, either in the statute of assignments or the judicial decisions under it.

All of the debtor's property is transferred and conveyed to the assignee for creditors without any preference or priority. A bond is certified to have been executed, and the assignee has qualified, and while the contents of the bond is not made to appear, the court will presume that it is such a bond as is usually required of assignees. What the costs of the proceeding in Ohio may be, or the

·character of the exemption laws in that State, we are not informed, nor is it necessary that this court should be, before enforcing the claim of the assignee. No complaint is made that the Kentucky creditor will not obtain his *pro rata* portion of the proceeds of the debtor's property, or rather no fact established that would authorize this court to assume that the property is to be wasted in costs or made the prey of too liberal exemption laws.

It appears from the pleadings in the case that the appellant knew of the assignment when he obtained the attachment, and as between the attaching creditor and the assignee, the creditor was properly, adjudged to pay the costs. No judgment has been rendered against the debtor for the claim, but that branch of the case seems to have been continued.

The judgment below must be affirmed.