CASE 103—ACTION TO RECOVER PERSONALTY—FEB. 25.

# Peach Orchard Coal Co., Etc. v. Woodward, Assignee, Etc.

### APPEAL FROM LAWRENCE CIRCUIT COURT.

CONFLICT OF LAWS—RIGHT OF FOREIGN ASSIGNEE TO SUE IN THIS STATE.—An assignee for the benefit of creditors who has accepted the assignment and executed bond pursuant to the laws of Ohio may maintain an action in the courts of this State for personal property wrongfully detained by a citizen of this State.

ALEXANDER LACKEY, FOR APPELLANT.

The assignee had no right to maintain the action without the execution of a bond. Act. Mch. 8, 1876, Gen. Stat (ed. '87) ch. 109, p. 1251; Johnson v. Parker, 4 Bush, 149; Gen. Stat., Ch. 39, art. 2, secs. 6, 7, 8, now secs. 3898, 3999, 4000 of Ky. Stats.; Gen. Stat., ch. 39, art. 2, secs. 43-4-5, now secs. 3878, 9-80 of Ky. Stats.; Gen. Stat., ch. 48, art. 2, secs. 16, 17, 18, now secs. 2041-2-3 of Ky. Stats.

STEWART & STEWART AND R. T. BURNS, FOR APPELLEE.

On plaintiff's right to maintain action: Rubel v. Louisville Bank Co.. 10 Ky. Law Rep., 1021; Coflin, &c., v. Kelling, &c., 83 Ky.,

Peach Orchard Coal Co., &c., v. Woodward, Assignee, &c.

649; Johnson v. Parker, &c., 4 Bush, 151; Matthews v. Lloyd, Trustee, &c., 89 Ky., 625; Story on Conflict of Laws, sec. 420

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT

John Carlisle, a resident and citizen of Cincinnati, Ohio, made a general assignment of all his property, wheresoever situated, to appellee, on September 8, 1892, for the benefit of all his creditors, equally. Appellee, also a citizen and resident of Ohio, accepted the trust, executed bond, and took the oath, as required by the laws of the State of Ohio, and thereafter he instituted suit against appellant to recover the possession of certain personal property belonging to his assignor which passed under the deed of assignment and which he alleged was in the possession of and wrongfully detained by defendant. The defendant denied the allegations of ownership on the part of plaintiff, and the wrongful detention of the personalty in question, and moved the court to dismiss the action, on the ground that the assignee had not qualified as such in this State, and could not, therefore, maintain the suit. This the court refused to do, and trial before a jury resulted in a verdict and judgment for plaintiff, and this appeal seeks to reverse that judgment.

The proof demonstrates conclusively that the property in contest belonged to plaintiff's assignor, and, there being no error in the instructions submitting the issue to the jury, the only question before this court is, can an assignee, under a deed of assignment for the benefit of creditors executed in Ohio, maintain an action in the courts of Kentucky for the recovery of the possession of personal property which passed under the deed of assignment, and which is wrongfully held by a citizen of this State?

Section 3878 of the Kentucky Statutes provides: "By giving bond, with surety, resident of the county in which

the action is brought, non-resident executors or adminis-
trators of persons who, at the time of their death, were
non-residents of this Commonwealth, may prosecute ac-
tions for the recovery of debts due to such decedents." But
there is no provision of the statute which authorizes or re-
quires a foreign assignee to execute any bond to enable him
to maintain an action in his own name under a deed of as-
signment or qualification in another State; and, if the con-
tention of appellee is sound, there is no way in which he
could recover possession of assigned property wrongfully
withheld by a citizen of this State. He would be without
remedy, as he could not maintain an action in his own
name, and could not qualify as assignee in this State, there
being no statute authorizing such a proceeding.

There is no reason why a regularly appointed and quali-
fied assignee in the State of Ohio should not maintain an
action in this State for the recovery of personal property,
which passed to him under a general deed of assignment
for the benefit of all the creditors of the assignor, equally
against the person wrongfully withholding same, especially
when it affirmatively appears that there are no preferences
in the deed of assignment, and no creditor of the assignor
residing in this State is prejudiced thereby.

This doctrine was fully recognized in the cases of Coffin
v. Kelling, 83 Ky., 649, and Rubel v. Banking Co., 10 Ky.
Law Rep., 1021.

In the latter case the court said: "Where an assign-
ment for the benefit of creditors, executed by a debtor in
another State, secures to creditors in this State all the
rights they would have had under an assignment executed
in this State, the courts will aid the assignee in securing
the property of the debtor in this State, whether visible
property or choses in action."

The court did not err in its refusal to dismiss the proceedings or to give the peremptory instruction asked by appellant on this ground.   The judgment is affirmed.