Fawcett's Assignee v. Mitchell, Finch & Co.

---

CASE 29.—ACTION BY W. A. RIST AS ASSIGNEE OF D. A. FAWCETT FOR THE BENEFIT OF HIS CREDITORS AND OTHERS AGAINST MITCHELL, FINCH & CO. AND ANOTHER.—April 14, 1909.

# Fawcett's Assignee v. Mitchell, Finch & Co.

Appeal from Mason Circuit Court.

JAS. P. HARBESON, Circuit Judge.

Judgment for defendant, plaintiffs appeal—Affirmed.

1.  Banks and Banking—State. Banks—Doing Business in' Other States.—In the absence of any statute limiting its authority, a bank organized under the laws of this State may transact any business within the scope of its charter in other States.
2.  Banks and Banking—Banking Business.—Taking notes or other securities, whether for the purpose of discount or to secure a debt is a part of the legitimate business of a banking corporation.
3.  Banks and Banking—Taking Securities—What Law Governs. —Where a Kentucky bank took a transfer in Ohio of notes to

secure an Ohio debt, the transaction must be governed by the laws of Ohio.

4.  Assignments for Benefit of Creditors—What Law Governs.— Ky. St. 1909, Sec. 1910 (Russell's St. Sec. 2104), providing that every assignment in contemplation of insolvency and with the design to prefer one creditor to the exclusion of others shall operate as an assignment of all the property of the debtor for the benefit of his creditors, does not apply to a transfer of notes in Ohio to a Kentucky creditor with intent to prefer such creditor; and, there being no similar provision of law in Ohio, the transaction was valid, being valid where made.

5.  Fraudulent Conveyances—Right to Prefer Creditors.—In the absence of any statutory provision in relation thereto, there is nothing illegal in the act of a debtor in preferring one creditor over another.

ALLEN D. COLE for appellant.

WORTHINGTON & COCHRAN for appellee.

### POINTS AND AUTHORITIES.

1. A transfer by an insolvent debtor to his creditor with a design to prefer him is not fraudulent. (Matthews v. Lloyd, 89 Ky., 625; Bank of Commerce v. Windmuller, 106 Ky., 395; Whitehead v. Woodruff, 11 Bush, 209.)

2. In the absence of a statute forbidding it, an insolvent debtor has a right to prefer some of his creditors to others. An intent to prefer is not a fraudulent intent. (Matthews v. Lloyd, 89 Ky., 629; Bank of Commerce v. Windmuller, 106 Ky., 395; Whitehead v. Woodruff, 11 Bush, 214; Sweetman v. Speers, 6 Ky. Law Rep., 315; Ward v. Trotter, 3 Mon., 1; Marshall v. Hutchison, 5 B. Mon., 305; Clark v. White, 12 Peters, 178; Brashear v. West, 7 Peters, 608; Brooks v. Marbury, 11 Wheaton, 178; Atkinson v. Tomlinson, 1 Ohio State, 237; Union National Bank v. Bank of Kansas City, 136 U. S., 223; Bamberger v. Schoolfield, 160 U. S., 149; Tompkins v. Wheeler, 16 Peters, 105; Marbury v. Brooks, 7 Wheaton, 556.)

3. The Kentucky Act of 1856 has no extra-territorial operation and can not apply to an assignment of choses in action made in Ohio, by a citizen of Ohio. (Matthews v. Lloyd 89 Ky., 625; Bank of Commerce v. Windmuller 106 Ky., 395; Same case on second appeal, 25 Ky. Law Rep., 1334; Fally v. Steinfield, 10 Ky. Law Rep., 892.)

4. The situs of a chose in action is the domicile of the owner of it. (Fuller v. Steiglitz, 27 Ohio State, 355.)

5. A contract valid where made is valid everywhere, though it may not be enforceable everywhere. (Emery v. Burbank, 163 Mass., 326.)

6. An entirely new cause of action in favor of a new plaintiff can not be set up under the guise of amending the petition after a demurrer has been sustained to it. Such a pretended amendment, if filed, will be stricken out on motion. (1 Daniells Chancery

Pleading & Practice, Sec. 425; Shields v. Barrow, 17 Howard, 130; 1 Encyc. of Pleading & Practice, pages 472 and 476.)

7. The right of a third party to file an intervening petition in a pending suit is wholly statutory, and is limited by Sec. 29 of the Civil Code. (Vanmeter v. Fidelity Trust and Safty Vault Co., 107 Ky., 108; 17 American & English Encyclopedia of Law [2d edition], 183.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In June, 1908, D. A. Fawcett, who was engaged in business at Aberdeen, Ohio, made a general assignment of his property for the benefit of his creditors to W. A. Rist, also a citizen of Ohio. Afterwards Rist, as assignee, brought this suit against Mitchell, Finch & Co., a banking corporation located at Maysville, in this State, charging that a few days before his assignment Fawcett transferred and delivered to it, in contemplation of insolvency and for the purpose of preferring them to the exclusion of his other creditors, notes aggregating $1,095, for the purpose of satisfying a debt of $700 created prior to that time. He further alleged that the transfer was ultra vires and void, because under its charter Mitchell, Finch & Co. had no authority to transact business in the State of Ohio. He asked that the transaction be adjudged to operate as an assignment of the property of Fawcett for the benefit of his creditors under Ky. St., Sec. 1910, known as the act of 1856.

A demurrer being sustained to the petition, an amended petition was filed, in which it was averred that the Citizens' Bank of Dover, Ky., was a creditor of Fawcett in the sum of $8,000, and that, with the intent to hinder, delay, and defraud the said bank and his other creditors in the collection of their debts Fawcett transferred and delivered to Mitchell, Finch & Co. the notes described in the petition. It was

further averred that the transfer of the notes was null and void under sections 6343, 6344, of the Revised Statutes of Ohio, which read in part as follows: "All transfers, conveyances, or assignments made by a debtor, or procured by him to be made, with the intent to hinder, delay, or defraud creditors, shall be declared void at the suit of any creditor; and the probate judge of the proper county, after any such transfer, conveyance, or assignment shall have been declared by a court of competent jurisdiction to have been made with the intent aforesaid, or in trust with the intent mentioned in the next preceding section, shall, on the application of any creditor, appoint a trustee according to the provisions of this chapter, who, upon being duly qualified, shall proceed by due course of law to recover possession of all property so transferred."

The Citizens' Bank of Dover, which was made a party to this amended petition, offered to file its answer, in which it set up the indebtedness of Fawcett to it, and the fact that in contemplation of insolvency, and with the design to prefer Mitchell, Finch & Co., he did within six months next before the institution of the action transfer and deliver to it the notes mentioned, which it asked should be taken as a cross-petition against Mitchell, Finch & Co., and that the transfer of the notes to it be adjudged to operate as an assignment of the property of Fawcett for the payment pro rata of his debts. The lower court struck from the record the amended petition, and refused to permit the answer of the Dover bank to be filed; and the assignee of Fawcett declining to plead further, his petition was dismissed.

So far as the question of ultra vires is concerned, it is scarcely necessary to devote much attention to

its discussion. We know of no law, statutory or other-
wise, that denies to a bank organized under the
laws of this state and doing business in this state,
the right to transact business, within the scope of the
authority granted by its charter, in other states. Nor
can there be any doubt that the lending of money to
residents or non-residents, and taking notes or other
securities, whether it be-for the purpose of discount
or to secure a debt, is a part of the legitimate busi-
ness of a banking corporation. If the transfer of the
notes in the manner and for the purpose mentioned
had been made by a citizen of this state to Mitchell
Finch & Co., it would have been a preference under
the statute, and any creditor of the assignor or trans-
ferror of the notes might have attacked the transac-
tion in the manner provided for in the statute. But
it is distinctly charged in the petition that the trans-
fer of the notes by Fawcett to the Kentucky bank
took place in the State of Ohio, and so the transac-
tion must be controlled by the laws of Ohio. But the
Ohio statute relied on in the pleadings does not for-
bid preferential conveyances. It is similar to section
1906 of the Kentucky Statutes, which provides that
"every gift * * or transfer * * * with the intent to
delay, hinder, or defraud creditors * * * shall be
void;" while Section 1910, under which this action
was brought, declares in part that every * * * assign-
ment * * * in contemplation of insolvency, and with
the design to prefer one creditor to the exclusion
* * * of others, shall operate as an assignment
of all the property of the debtor * * * for the
benefit of his creditors."

Although the attempt is made to bring the transac-
tion within the reach of section 1910 of our statute,

it does not appear that they have in Ohio a statute similar to this, and our statute against preferential conveyances cannot be extended to embrace transactions that happen in other states. It has no force or effect beyond this state. We have, then, this state of affairs: An Ohio debtor, who is in failing circumstances, transfers in Ohio to a citizen of this state notes, intending thereby to prefer the Kentucky creditor over his other creditors. If the transaction had taken place in Kentucky, it would amount to an assignment of the estate of the debtor for the benefit of all his creditors, if action was taken in the manner and time provided in section 1910 of the Kentucky Statutes. But, as they have no statute like this in Ohio, or, at any rate, as this record does not disclose such a statute, we must assume that the transaction was valid in the state where it took place. So that the question comes to this: Will the courts of this state undertake to apply our laws to a transaction occurring in another state, and convert that transaction from a legal one to an unlawful one? We think not. As the transaction was valid where it took place, it will be treated as valid here, so far as this action is concerned. It must be kept in mind that the creditor who was given the preference is not asking the courts of this state to enforce any rights conferred upon him by the Ohio assignment. Mitchell, Finch & Co. is not asking our courts to enforce any right it acquired under the Ohio transfer. It is not seeking any affirmative relief under the contract. It is simply insisting that it has the right to hold property acquired in a transaction recognized as valid by the laws of the state where it took place. So that the question as to what contracts made in a sister state our courts will enforce is not involved in this case.

We are not called upon to decide whether we would afford a remedy that was allowable under the laws of the place where the transaction out of which it arose took place if the same remedy would not be given under the laws of this state if the transaction had occurred in this state. The only question here is whether or not our courts will recognize as valid a contract that was valid under the laws of the state where it was made. Except for our statute, there is nothing illegal in the act of preferring one creditor over another. Matthews v. Lloyd, 89 Ky. 625, 13 S. W. 106, 13 R. 537; Bank of Commerce v. Windmuller, 106 Ky. 395, 50 S. W. 548, 20 R. 1951; Bank of Commerce v. Windmuller, 77 S. W. 1103, 25 Ky. Law Rep. 1334. And our court in the cases mentioned recognized the validity of preferential laws in other states. Nor in our opinion would it make any difference if this action had been brought in the first instance by the Dover bank. We do not regard it as material that the action was brought by a foreign assignee or a foreign creditor. He would have as much right to maintain it as a Kentucky creditor. The question is not where the attacking creditor resides, but is: Was the transaction attacked valid under the laws of the state where it took place? If it was, no relief can be granted. If it was not, then our courts are open to those who invoke their jurisdiction for the purpose of giving a remedy for the enforcement of a right authorized by the laws of the state where the transaction took place, if the relief sought was of such a nature that our courts when applied to would grant it. To put it in another way, if there had been a statute in Ohio like section 1910 of the Kentucky Statutes, and a citizen of Ohio

had in violation of it transferred property to a citizen of Kentucky, our courts would enforce the Ohio statute and give the same relief the courts of Ohio would. If the transaction was invalid under the laws of Ohio, or if the laws of that state furnished a remedy for the recovery of property conveyed by a failing debtor with the purpose of preferring a favored creditor, we would enforce in this state the Ohio law, as it would be in harmony with the laws of this state. But, in the absence of an Ohio statute, our courts cannot grant relief such as is sought in this case. The property transferred was not located, and did not have a situs, in Kentucky at the time it was transferred. In all its aspects the transaction was completed in Ohio.

The relief sought is in all its features nothing more than an attack upon a transaction that took place in Ohio. So that it does not seem necessary to consider the effect of an assignment in a foreign state upon property, real or personal, located in or that has a situs in this state, if a conflict came up between a creditor residing in this state, or a creditor who sought the aid of our courts, and a foreign assignee. Interesting cases upon these phases of the law are Security Trust Co. v. Dodd, 173 U. S. 624, 19 Sup. Ct. 545, 43 L. Ed. 835; Smead v. Chandler, 71 Ark. 505, 76 S. W. 1066. 65 L. R. A. 353; Peach Orchard Coal Co. v. Woodward, 105 Ky. 790, 20 R. 1613, 49 S. W. 793; Zacher v. Fidelity Trust Co., 109 Ky. 441, 22 R. 987, 59 S. W. 493; Coflin v. Kelling, 83 Ky. 649, 7 R. 724.

Perceiving no error in the ruling of the lower court, the judgment is affirmed.