### Rains' Trustee, et al. v. Rains.

### Same v. Lawson.

(Decided March 6, 1928.)

### Appeals from Whitley Circuit Court.

1.  Bankruptcy.—In suit by trustee in bankruptcy to recover money paid by bankrupt to creditors on ground that such payment constituted fraudulent preference, under Ky. Stats., sec. 1910, verdict of jury is only advisory to chancellor, since such suit is peculiarly equity action.

2.  Bankruptcy.—In suit by trustee in bankruptcy to recover money paid by bankrupt to creditors on ground that such payment constituted fraudulent preference, under Ky. Stats., sec. 1910, verdict of jury must be disregarded unless approved by court.

3.  Bankruptcy.—Payment to bank shortly before bankruptcy to pay off notes held by bank against bankrupt held not to constitute fraudulent preference, under Ky. Stats., sec. 1910, as to bank, since it merely took money that was tendered, and sureties on notes were good.

4.  Bankruptcy.—Payments to bank shortly before bankruptcy to pay off notes held by bank against bankrupt held fraudulent preference, under Ky. Stats., sec. 1910, as to sureties on such notes, where bankrupt was insolvent at time of payment and notes were

not due, since plain effect was to prefer such sureties to other creditors.

TYE, SILER, GILLIS & SILER for appellants.

STEPHENS & STEELY and W. R. HENRY for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming in part and reversing in part.

On December 7, 1925, S. G. Rains conveyed by deed to his brother Felix Rains, for $1,500, his undivided one-third interest in a tract of land in Whitley county, and Felix Rains at the same time executed a mortgage on this one-third interest, also another one-third interest previously owned by him, to J. D. Atkins, P. Weesner, and Isham Lawson for $1,500. Felix Rains on the same day drew his check to S. G. Rains for $1,500. S. G. Rains on the same day delivered the check and $50 in cash to the Farmers' Bank & Trust Company of Williamsburg, Ky., to pay off notes held by the bank against him and the following sureties: (1) $500, Isham Lawson and Felix Rains. (2) $500, Dr. J. D. Atkins. (3) $300, P. Weesner. (4) $500, joint note of S. G. Rains and Isham Lawson.

He did not pay all of the last note, but only his half, leaving Lawson's half of it for him to pay. But, of course, Lawson was his surety on the half which he paid. The first note was due on January 27, 1926. The second was due March 15, 1926. The third was due April 21, 1926. The fourth was due May 2, 1926. S. G. Rains was then running a country store, and on December 9 one of his creditors took out an attachment against him and closed up the store. On January 2 an involuntary petition in bankruptcy was filed against him, and on March 2, he, not making any defense, was duly adjudged a bankrupt and B. B. Snyder was appointed as trustee of the estate of the bankrupt. He qualified and on April 28, 1926, brought these actions against the parties above named, alleging in effect that the transfer of this land, the collection of the proceeds, and the payment of the notes were a fraudulent preference and operated as a transfer of all his property for the benefit of his creditors. The circuit court submitted the issues made by the pleadings to a jury who returned a verdict in favor of the defendants. The court entered judgment upon the verdict. The plaintiff appeals.

Section 1910, Kentucky Statutes, provides:

"Every sale, mortgage or assignment made. by debtors, and every judgment suffered by any defendant, or any act or device done or resorted to by a debtor, in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion, in whole or in part, of others, shall operate as an assignment and transfer of all the property and effects of such debtor, and shall inure to the benefit of all his creditors (except as hereinafter provided) in proportion to the amount of their respective demands, including those which are future and contingent; but nothing in this article shall vitiate or affect any mortgage made in good faith to secure any debt or liability created simultaneously with such mortgage, if the same be lodged for record, within thirty days after its execution."

S. G. Rains was living on a tract of land owned by his wife and was conducting his store there. The only thing he had in the way of visible property was the third interest in the tract of land referred to, except the store. The stock in the store was worth about $1,000. He owed, according to his own statement, over $4,000. There is no doubt under the evidence that he was wholly insolvent on December 7, 1925, and the court cannot escape the conclusion that the transaction on that day, by which he paid off the notes on which his brother and certain other friends were his sureties, was a device done by the debtor in contemplation of insolvency and with a design to prefer one or more creditors to the exclusion, in whole or in part, of others. He knew his condition; his testimony shows it. By this arrangement he paid off his home creditors and left his other creditors unpaid and without any means of making their debts. In cases like this the court will look through the form of the transaction, for if the statute could be evaded by a mere form, its effect could in all cases be defeated.

The sum of the transaction is that, on December 7, S. G. Rains conveyed to one of his sureties his interest in the land. This surety executed a mortgage to some of the other sureties, and they furnished $1,500, and the $1,500 was paid to the bank to settle notes they owed which were not due for some time yet, and immediately

after this transaction S. G. Rains was absolutely insolvent and execution proof. In cases like this, the verdict of the jury is only advisory to the chancellor as it is peculiarly an equity action. The lower court and this court on appeal must disregard the verdict of the jury, unless approved by the court. The bank simply took the money that was tendered to it. The sureties on the notes were good. There is nothing in the evidence to indicate that the purpose of the transfer was to prefer the bank to the other creditors. But the plain effect of the transfer was to prefer these sureties to the other creditors. The money was, in effect, paid for their use and benefit.

The judgment of the court dismissing the action as to the bank is affirmed, but the judgment as to each of the other defendants is reversed with directions to enter judgment adjudging the deed and mortgage above named a fraudulent preference and ordering a sale of the land covered by the deed, the proceeds of the sale to be taken payable to appellant.