### Finan v. Finan's Trustee.

(Decided Feb. 21, 1933.)

BLAKELY & MURPHY for appellant.
THOMAS X. DILLON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Thomas X. Dillon, trustee in bankruptcy of Edward J. Finan, brought this action against the bankrupt's son, Edward M. Finan, to recover, among other things, the sum of $500, which it was alleged was paid to the defendant by the bankrupt in contemplation of bankruptcy, and with the design to prefer some of his creditors to others. The master commissioner, to whom the case was referred, reported that there was an utter failure of proof showing that the payment was a preference. On exceptions to the report, the court adjudged the payment a preference. The son appeals.

Section 1910, Kentucky Statutes, provides that any assignment, act, or device done by a debtor in contemplation of insolvency, with the design to prefer one or more creditors to the exclusion of others, shall operate as an assignment and transfer of all his property for the benefit of all his creditors, while by section 1911, all such transfers are made subject to the control of courts of equity upon the petition of any person interested filed within six months after the lodging of the transfer for record, or the delivery of the property or effects transferred.

The action was brought under the foregoing statutes, and the petition was filed in proper time.

A trustee in bankruptcy is a "person interested" within the meaning of the statute, and may maintain an action to have a payment of money or transfer of property adjudged a preference. Rains' Trustee v. Rains, 223 Ky. 458, 3 S. W. (2d) 1065.

It is claimed that the petition is defective in that it uses the words "in contemplation of bankruptcy" instead of "in contemplation of insolvency." It must not be overlooked that the words "bankruptcy" and "insolvency" mean substantially the same thing; but even if the petition is technically defective in the respect claimed, it cannot be doubted that it was cured by the proof and judgment.

But the point is made that the evidence taken before the commissioner did not establish a preference either

in law or in fact. The record discloses the following situation: On July 21, 1930, the bankrupt prepared his voluntary petition and schedules in bankruptcy, and caused them to be filed in the United States District Court for the Eastern District of Kentucky on July 23, 1930. At that time he had no assets, and on the following day he was duly adjudged a bankrupt. A short time before the petition in bankruptcy was prepared, the bankrupt received from a sale of property $1,175 in cash. On July 7, 1930, he paid out of this money, $500 to his son, $240 to W. T. Gruel, $7 to a creditor by the name of Blitz, $635 to a man by the name of Hausman, $50 to the Depenbrock Grocery Company, $25 to the Hatfield Coal Company, $25 to Dr. Backsman, $6.27 to Boehmers, $5 to Seffering Cigar Company, $16.71 to the Fair Store, and $37.45 to the Independent Linoleum Company. In addition to this he gave his wife $50 to buy some clothes. Out of the remainder, amounting to $206.22, he paid $140 for court costs and attorneys' fees in the bankruptcy proceeding, and used the balance of $66.22 to buy coal and food. According to the bankrupt and his son, the $500 represented a loan which the son had made him in the year 1928. The bankrupt says that he paid his creditors because they came and asked him for the money, and that he did not make up his mind to go into bankruptcy until he saw that he had only a couple of hundred dollars left, and knew that he owed considerably more than that. He further says that he never mentioned to anyone that he intended to file a petition in bankruptcy. The son corroborates his father as to the loan, and testified that he did not know that his father was going into bankruptcy.

This is not a case of a struggling debtor, who uses a portion of his property to discharge pressing debts, in the honest belief that he might continue in business, and thereafter was forced into insolvency. It is simply a case where the debtor, though not having enough property to pay all his debts, uses practically all the cash he had in paying certain creditors, including his son, and, after applying the remainder to other purposes, left his other creditors unpaid. The intent or the effect of the transaction is not to be measured by what the debtor says, but is to be determined from all the circumstances. While it is the rule that knowledge of insolvency, and the fact that the debtor is insolvent, or that he contemplated becoming insolvent and desired

to give a preference must appear, Levis v. Zinn, 93 Ky. 628, 20 S. W. 1099, 14 Ky. Law Rep. 867, it is also the rule that, when a preference is made with the knowledge that the debtor is insolvent, the design to prefer will be presumed, unless rebutted by strong circumstances. Grimes v. Grimes, 86 Ky. 511, 6 S. W. 333, 9 Ky. Law Rep. 694. Then, too, a debtor is presumed to know that which an ordinarily prudent person in his situation should know, and a transfer to a creditor by one who believes himself solvent, but who should have known he was insolvent, is presumed to be a preference within the statute, Union Trust & Sav. Co. of Maysville v. Taylor, 139 Ky. 283, 129 S. W. 828, or as held in Terrell v. Cheatham, 200 Ky. 667, 255 S. W. 262, the belief of an insolvent that he is solvent will not take the case out of the statute. Here Finan, the bankrupt, owed more than he could pay. All that he had to do was to count up his cash, and add up the claims of his creditors, and the exact situation would have been disclosed. In short, he was insolvent, and should have known it. He knew that he was paying his son and certain creditors to the exclusion of others. Being already insolvent, and having knowledge thereof, the intent to prefer is presumed, and this presumption is not overruled by the debtor's statement that, at the time he made the payments involved, he did not intend to take the bankrupt law. As said in Hoffman v. Brungs, 83 Ky. 400, "he (the debtor) may swear that such was not his purpose, but in doing so he makes a statement contrary to the necessary results of his own act." We may also add that under our statute the fact that the son did or did not know of his father's insolvency, or the contemplated bankruptcy proceedings, is wholly immaterial. Hoffman v. Brungs, supra.

It follows that the court properly adjudged the payment a preference.

Judgment affirmed.