## Bryant's Trustee in Bankruptcy v. Stephens et al.

(Decided March 23, 1934.)

574

TYE, SILER, GILLIS & SILER for appellant.

STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

L. E. Bryant, a resident of Tennessee, filed his voluntary petition in bankruptcy at Knoxville, Tenn., and was adjudged a bankrupt on December 5, 1932. Appellant, H. M. Barnett, was duly appointed and qualified as trustee in bankruptcy of L. E. Bryant's estate. On July 23, 1932, L. E. Bryant had executed a mortgage to the appellee E. L. Stephens and Nellie C. Steely on a large acreage owned by him in Kentucky, to secure the payment of ten past-due notes for $9,086. The mortgage was recorded in Whitley county on July 25, 1932, and was again recorded on October 3, 1932. The reason for this was that Bryant, in Scott county, Tenn., had on July 25, 1932, acknowledged the mortgage before a notary public in Williamsburg, Ky., over the telephone. On January 18, 1933, Barnett as trustee in bankruptcy for L. E. Bryant, brought this action against E. L. Stephens and Nellie C. Steely, alleging that the mortgage executed to them by Bryant was fraudulent and made with the design to prefer one or more creditors, in whole or in part, to his other creditors, and with the intent to delay, hinder, and defraud his other creditors; that at the time he was absolutely insolvent and unable to pay his debts; and that the making of the mortgage was done by him for the purpose of giving preference to said mortgagees over his creditors. He prayed that the mortgage be adjudged preferential under the statute and all proper relief. The defendant filed a special demurrer to the petition on the ground that the plaintiff had no legal capacity to sue, and that the Bankruptcy Act (11 USCA) is exclusive and supersedes all state acts touching insolvency and bankruptcy. The circuit court sustained the special demurrer to the petition and dismissed the action. The plaintiff appeals.

Section 70e of the Bankruptcy Act (11 USCA sec. 110 (e), provides:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to date of the adjudication. * * *

"For the purpose of such recovery any court of bankruptcy as defined in this title, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Under this provision the following rule is well settled:

"If a creditor could have avoided a fraudulent conveyance under the state law, the trustee in bankruptcy may also avoid it. Stellwagen v. Clum, 245 U. S. 605, 38 S. Ct. 215, 62 L. Ed. 507; Campbell v. Calcasieu National Bank (C. C. A.) 12 F (2d) 981."

In the late case of Collett v. Adams 249 U. S. 545, 39 S. Ct. 372, 374, 63 L. Ed. 764, the rule was thus stated:

"The amendments are couched in plain words and effect a material change in the jurisdiction of suits by trustees to avoid preferential transfers and recover the property or its value under section 60b [11 USCA sec. 96 (b)]. The exception ingrafted on section 23b [11 USCA sec. 46 (b)] takes such suits out of the restrictive provisions of that section; the sentence added to section 60b makes them cognizable in the courts of bankruptcy, as well as in such state courts as could have entertained them if bankruptcy had not intervened."

Sections 1910 and 1911, Kentucky Statutes (known as the act of 1856), provide:

"Every sale, mortgage or assignment made by debtors, and every judgment suffered by any defendant, or any act or device done or resorted to by a debtor, in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion, in whole or in part, of others, shall operate as an assignment and transfer of all the

property and effects of such debtor, and shaⅡ inure to the benefit of all his creditors. * * *

"All such transfers as are herein declared to inure to the benefit of creditors generally shall be subject to the control of courts of equity, upon the petition of any person interested, filed within six months after the mortgage or transfer is legally lodged for record, or the delivery of the property or effects transferred."

Under these statutes this court thus stated the rule in Finan v. Finan's Trustee, 247 Ky. 659, 57 S. W. (2d) 644:

"Section 1910, Kentucky Statutes, provides that any assignment, act, or device done by a debtor in contemplation of insolvency, with the design to prefer one or more creditors to the exclusion of others, shall operate as an assignment and transfer of all his property for the benefit of all his creditors, while by section 1911, all such transfers are made subject to the control of courts of equity upon the petition of any person interested filed within six months after the lodging of the transfer for record, or the delivery of the property or effects transferred. The action was brought under the foregoing statutes, and the petition was filed in proper time. A trustee in bankruptcy is a 'person interested' within the meaning of the statute, and may maintain an action to have a payment of money or transfer of property adjudged a preference. Rains' Trustee v. Rains, 223 Ky. 458, 3 S. W. (2d) 1065."

It is insisted that L. E. Bryant lived in Tennessee, and that the mortgage was a Tennessee transaction, but it was acknowledged in Kentucky. The grantees lived in Kentucky, and there is nothing to show that it was delivered in Tennessee. In addition to this, the mortgage was a conveyance of land in Kentucky and, under the well-settled rule, is governed by the law of Kentucky.

"Although the contract was made in Indiana, where the common law right to prefer creditors existed, yet, as the land is in Kentucky, the lex loci rei sitae, and not the lex loci contractus, controls the legal effect of the assignment. And the payment of the consideration in Indiana cannot affect the rights of any of the parties as regulated by our statute of

1856. That statute, therefore, applied to the case in all its phases, and the court below had jurisdiction over the rights of all the parties as litigated, and the locale of the land giving jurisdiction in rem.''

Brown v. Early, etc. (Early v. Liter), 63 Ky. (2 Duv.) page 371. To the same effect, see Fally v. Steinfield, 10 Ky. Law Rep. 983; 12 C. J. 456, sec. 40, pp. 479, 480, 482, and cases cited.

Appellee relies upon Matthews v. Lloyd, 89 Ky. 625, 13 S. W. 106, 11 Ky. Law Rep. 843. But that case involved only a transfer of stock which was personalty, and the parties were all in Ohio. It is well settled that personalty follows the person and that a valid contract as to personalty, where it is made, is governed by the laws of that state. Appellant also relies on Bank of Commerce of Buffalo, N. Y., v. Windmuller, 106 Ky. 395, 50 S. W. 548, 20 Ky. Law Rep. 1951. That case simply followed Matthews v. Lloyd; the main controversy there was as to the transfer of personal property in another state. The mortgage played a small part in the controversy. The whole transaction occurred there between nonresidents of this state. Here the mortgage was acknowledged, delivered, and recorded in Kentucky. So the ruling there has no application here and it is not necessary to pass on it. That opinion was the law of the case and for that reason was followed on the second appeal of the case. See 77 S. W. 1103, 25 Ky. Law Rep. Page 1334.

In Fawcett v. Mitchell, Finch & Co., 133 Ky. 361, 117 S. W. 956, 958, a transfer of personal property in another state was again before the court and the court said:

"The property transferred was not located, and did not have a situs, in Kentucky at the time it was transferred. In all its aspects the transaction was completed in Ohio."

The court thus clearly distinguished that case from such a case as we have here. The mortgage is a conveyance of the land. A conveyance of land is always determined under the law of the state where the land lies. Grantees in this case took the land subject to the laws of Kentucky, and a part of those laws, in force at the time, were sections 1910, 1911, Kentucky Statutes. Under the statute any person interested may maintain the action.

The trustee in bankruptcy is a person interested, for he is the trustee for all the creditors. The court therefore improperly sustained the defendants' demurrer to the petition.

Judgment is reversed, and cause remanded for further proceedings consistent herewith.