In the Matter of SCOTT–FREDERICK MOTOR COMPANY, Bankrupt.

Bankruptcy No. 52.

United States District Court
E. D. Kentucky,
at Frankfort.
Oct. 20, 1959.

Clare, Scent & Kasson, Michael J. Clare, Stephen P. Smith, Jr., Louisville, Ky., for Universal C.I.T. Credit Corp.

Edward F. Prichard, Jr., Lexington, Ky., Louis T. Peniston, New Castle, Ky., for trustee Robert V. Pollard.

HIRAM CHURCH FORD, Chief Judge.

By a petition to review an order entered by the referee in this bankruptcy proceeding on April 1, 1959, the Universal C.I.T. Credit Corporation, a creditor of the bankrupt, challenges the validity of the findings of fact, conclusions of law and judgment contained in the order of the referee upon the grounds, (1) that the referee was without summary jurisdiction to determine the facts and award judgment upon the trustee's counterclaim against it, (2) that the referee's findings of fact are not supported by the evidence, (3) that his conclusions of law are erroneous, and (4) that the claim asserted by the trustee in his counterclaim was barred by the two-year limitation set out in § 11, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. e.

The petitioner's contention that the referee lacked summary jurisdiction to hear and determine the issues presented by the trustee's counterclaim seems untenable for it clearly appears in the record that the subject matter of the trustee's counterclaim for $2,933.18 and the claim previously filed herein by the petitioner, Universal C.I.T. Credit Corporation, against the bankrupt estate for $8,300 subject to credit of $3,596.01 arise out of the same transaction. By thus invoking the jurisdiction of the bankruptcy court the claimant is deemed to have consented to the jurisdiction of the bankruptcy court to render an affirmative judgment upon a counterclaim as well as any other defenses the trustee may raise. Bay City Shovels v. Schueler,

6 Cir., 245 F.2d 73; United States v. Luther, 10 Cir., 225 F.2d 499, 505; Inter-State National Bank of Kansas City v. Luther, 10 Cir., 221 F.2d 382, 388; In re Majestic Radio & Television Corp., 7 Cir., 227 F.2d 152; Florance v. Kresge, 4 Cir., 93 F.2d 784; Columbia Foundry Co. v. Lochner, 4 Cir., 179 F.2d 630, 632, 14 A.L.R.2d 1349; compare Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192.

In the light of the above authorities, I am of the opinion that the referee did not err in ruling that the bankruptcy court had jurisdiction to award affirmative relief upon the trustee's counterclaim and such jurisdiction was not divested by the petitioner's subsequent objections.

■ In respect to the claim of the petitioner that the trustee's counterclaim is barred by the two-year statute of limitation set out in § 11, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 29, it appears necessary only to point out that according to the stamp upon the counterclaim, it was filed on June 16, 1958, which was well within the two-year period subsequent to filing of the proceeding in bankruptcy and the adjudication thereunder. The six months' limitation provided by the Kentucky Statutes (K.R.S. § 378.070) for the filing of an action to void preferences under K.R.S. § 378.060 is extended by § 11, sub. e, of the Bankruptcy Act (11 U.S.C.A. § 29) to a period of two years subsequent to adjudication in bankruptcy.

■ The referee heard testimony and made his findings upon the issues of fact. I am unable to say that they are clearly erroneous. They are accepted under the provisions of General Order 47, 11 U.S.C.A. following section 53.

■ In the referee's conclusion of law No. 2, it is stated that the transfer effected by the chattel mortgage constituted a preferential conveyance as defined by State Law § 378.060, K.R.S. and is therefore void under § 67 of the Bankruptcy Act, 11 U.S.C.A. § 107, but the context of the finding clearly indicates that the referee obviously intended to refer to section 70 of the Act, 11 U.S.C.A. § 110, rather than section 67. (See § 70 sub. c, and § 70, sub. e(1), 11 U.S.C.A. § 110, subs. c, and e(1)).

The petitioner further contends that the allegations of the trustee's pleading, as well as the evidence in the record, are not sufficient to authorize the trustee to maintain the counterclaim set up in this proceeding, for the lack of allegation and evidence that the trustee is asserting the right of a particular creditor or creditors who could successfully attack the transfer under State law.

■ The referee found as a fact that the chattel mortgage of February 24, 1956, which was executed by the bankrupt to the petitioner and which is the basis of petitioner's claim filed herein and the subject of the trustee's counterclaim, was executed in contemplation of insolvency of the bankrupt, with the design to prefer the Universal C.I.T. Credit Corporation to the exclusion, in whole or in part, of the bankrupt's other creditors, and further found that the mortgage was not made in good faith to secure any debt or liability created simultaneously with the mortgage.

Under Kentucky Statutes, § 378.060, K.R.S., such a transaction constituted a transfer of all property of the debtor for the benefit of all creditors of the bankrupt, "including those which are future and contingent." Bryant's Trustee v. Stephens, 253 Ky. 573, 69 S.W.2d 1056.

■ Under the provisions of § 70, sub. c, of the Bankruptcy Act as amended by the Act of July 7, 1952, 66 Stat. 429–430, 11 U.S.C.A. § 110, sub. c, at the time of bankruptcy, the trustee stood in the position of an ideal creditor "as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy," and the trustee was "vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or

not such a creditor actually exists." The trustee was therefore an interested independent party. It was not necessary for him to allege or prove the existence of a creditor entitled to maintain the action. Conti v. Volper, 2 Cir., 1956, 229 F.2d 317; National Oats Co. v. Long, 5 Cir., 1955, 219 F.2d 373, on rehearing 5 Cir., 1955, 220 F.2d 745; Constance v. Harvey, 2 Cir., 1954, 215 F.2d 571.

For the reasons indicated, the remedy sought by the petition for review should be denied. An order will be entered in conformity herewith and the case remanded to the referee for such further administration as may be necessary.