CASE 35.—PETITION FOR WRIT OF PROHIBITION BY J. Q.
JENKINS AND OTHERS AGAINST A. S. BERRY,
JUDGE OF THE CAMPBELL CIRCUIT COURT.—
March 14.

## Jenkins, &c., v. Berry, Circuit Judge

Charities—Judicial Supervision—Management of Trust Property
—Provisions of a will creating a charitable trust, requiring
the trustee to make annual reports to the circuit court of
a certain county, but not requiring them to make annual
settlements or to settle at all in such court, or to file with
their annual reports vouchers showing the expenditures made
by them, nor requiring the court's approval of the reports,
did not give the judge of such court the right or authority
to proceed against the trustees and undertake an investiga-
tion of their management of the trust property and its funds,
or to require them to file vouchers showing expenditures
made by them in the absence of an action brought by the
Attorney General or some person interested in the execution
of the trust.

2. Same—Where a will creating a trust for the establishment and
maintenance of a hospital gave the circuit court no authority
to supervise the management of the hospital and its funds;
the fact that some of the patients received in the hospital
are treated and cared for at the expense of a city, or other
districts of the county, does not in any way enlarge the
jurisdiction of the court or confer on the judge thereof any
right to interfere with the management independently of
an action properly instituted by a duly authorized person.

HODGE & WOLFFE, for petitioners.

Jenkins, &c., v. Berry, Circuit Judge.

C. L. RAISON, JR., and HAZELRIGG & HAZELRIGG for respondent.

(No briefs; record misplaced.)

OPINION OF THE COURT BY JUDGE SETTLE—Awarding writ.

This is a second application made to this court by the petitioners, J. O. Jenkins, John L. Pythian, and W. E. Senour, trustees of Speers' Hospital, for a writ of prohibition against the defendant, A. S. Berry, judge of the Campbell circuit court, to prevent his alleged interference with the trust created by the will of Elizabeth Speers, deceased, by virtue of which they control that eleemosynary institution.

The particular interference complained of in the petition is that after the petitioners, as trustees of Speers' Hospital, filed their annual report for the year 1905, in the Campbell circuit court, as directed by the will of Elizabeth Speers, the defendant, as judge of that court, referred the report to the master commissioner, who thereafter reported his disapproval of the same because it was unaccompanied by "exhibits or vouchers" for expenditures made by the trustees. Thereupon the defendant, as judge of the court, ordered the trustees to file such "exhibits and vouchers" on or before December 12, 1905. The latter failed to file the vouchers as ordered, and defendant on December 13, 1905, issued against them a rule, returnable on the 16th of the same month, requiring them to appear in the court of which he is judge and "show cause, if any they can, why they have failed to comply with the order of court herein to file vouchers with their report."

The several foregoing orders were made by the defendant upon his own motion when there was no action or other proceeding against the trustees pending before him and without notice to them. Indeed, they received no information thereof until the service of the rule upon them. A general demurrer and answer were filed to the petition by the defendant. The answer attempts to justify his acts and conduct complained of upon the ground that as the will of Elizabeth Speers requires the plaintiffs, as trustees of the Speers Hospital, to make annual reports to the court of which he is judge, it is his official duty to investigate the reports and to require vouchers showing expenditures made by the trustees. In the opinion granting the writ of prohibition on the first application, we endeavored to plainly show what powers are conferred upon the trustees of the hospital by the will of the testatrix, and what relation the Campbell Circuit Court sustains to the hospital and trustees, and we now refer to that opinion (Jenkins, etc., v. Berry, etc., 119 Ky., 350, 83 S. W. 594, 26 Ky. Law Rep., 1141), as it satisfactorily expresses the mind of the court on all the questions therein decided

In the opinion it is said: "But in no reference to what may be done by the court is it said in the will that it is given any visitorial or other supervision over the hospital, or any control over the trustees in the manner of maintaining and conducting the hospital. But, while no such power can be exercised by the Campbell Circuit Court by virtue of the will, it may under the general power inherent in a court of equity interfere upon proper grounds, and in a proper action or proceding to prevent such acts or conduct

upon the part of the trustees as would if unrestrained, result in serious injury to the trust estate, or loss to the beneficiaries of the trust.  *  *  *  And hence we conclude that in order to authorize a chancellor to inquire into the alleged mismanagement of trust property, or a misappropriation of a trust fund dedicated to a charitable use, his jurisdiction must be invoked by some one interested in the execution of the trust, or in the name of the Attorney General as the representative of the State, in an action or proceeding authorized by law to be instituted for that purpose. In this case no action or proceeding against the trustees had been instituted or was pending in the Campbell Circuit Court at the time the several orders and rules complained of were made and entered. The judge of the circuit court acted solely of his own volition, and upon his own motion, and without information or action on the part of any one. We are of opinion that he was without jurisdiction.  *  * *'' In yet another part of the•opinion, supra, in commenting on the language of Mrs. Speers' will as to the power conferred upon the trustees in respect to the trust fund and hospital, it is said: ''The language here employed is comprehensive. Indeed, it leaves everything to the judgment and discretion of the trustees. They are not required to consult with or be advised by others as to the manner in which the hospital is to be maintained or conducted, nor can they be interfered with in their control of the institution from any source unless guilty of such mismanagement, extravagance, or fraud as would endanger the trust estate, or violate the rights of the beneficiaries.''

It is true that there is a provision of the will that requires the trustees to make annual reports to the

circuit court, but it does not require them to make annual settlements, or to settle at all in that court, or to file with their annual reports vouchers showing the expenditures made by them, nor does it require the court's approval of the trustees' reports. But while this is true, if the reports made by the trustees are deficient or unsatisfactory, or unaccompanied by receipts or vouchers for sums claimed to have been expended by them, or if a settlement, or settlements on the part of the trustees be necessary to show the condition of the trust fund and property, suit for any or all these purposes may be brought by any person interested in the trust estate, or by the Attorney General. We do not think, however, that the judge of the Campbell Circuit Court has himself the right or authority to arbitrarily institute an action or proceeding, or, in the absence of the bringing of such an action by another, to himself proceed against the trustees and undertake an investigation of their management of the hospital and its funds, as he seems to think it his duty to do in this case. It appears from the record before us that the Attorney General, acting upon the opinion in the former case, has instituted an action against plaintiffs as trustees in the Campbell Circuit Court for an investigation of their management of Speers' Hospital and to require an accounting at their hands of all property and money received by them under the will of Elizabeth Speers, deceased, and expended for the hospital, and that this action is undetermined and yet pending in the Campbell Circuit Court before a special judge. There is no reason why an amended petition may not be filed in the pending action attacking the report of which defendant complains, if it be insufficient or incorrect. By

this means the production and filing of the vouchers could be required of the trustees. Doubtless a suggestion from defendant to the counsel in charge of the action mentioned that the report should be investigated would induce the filing of the necessary amendment and bring about the desired investigation.

We do not see that the fact that some of the patients received in the hospital are treated and cared for at the expense of the city of Newport, or other districts of Campbell county, can in any way enlarge the jurisdiction of the Campbell Circuit Court, or confer upon the defendant, as the judge thereof, any additional right to interfere with the trustees' management of the hospital, independently of an action properly instituted by a duly authorized person or persons, for an investigation of its condition and an accounting by them for the sums they have received for the benefit of the institution.

There is no question of the right of the trustees to control the affairs of the hospital, nor is it denied that their authority to do so is conferred by the will of its founder. If there has been any mismanagement of the hospital or misappropriation of its funds, it should be investigated and righted, but it must be done in a proper action, conducted according to legal forms and the established rules of practice obtaining in courts of equity. Upon the state of case here presented we think the defendant is without jurisdiction or authority to proceed against the trustees of Speers' Hospital in the manner and as attempted by him.

Wherefore the demurrer to the petition is overruled, the answer adjudged insufficient, and plaintiffs are awarded the writ of prohibition as prayed in the petition.