CASE 74.—PETITION BY ROBERT CHANNELS FOR WRIT OF CERTIORARI, FILED IN APPELLATE COURT.— February 1.

# In re Channels

JOHN W. RAY, Attorney for Petitioner.

Motion overruled.

1. Habeas Corpus—Jurisdiction—Court of Appeals.—The court of appeals has no jurisdiction of habeas corpus proceedings, either originally or on appeal.

2. Criminal Law—Review—Certiorari.—Under Const. section 110, conferring certain original jurisdiction on the court of appeals, such court has no power by certiorari to review a void judgment against accused after the expiration of time to appeal.

3. Same—Punishment—Verdict—Statutes—Second Offense.—St. 1909, section 1136, declaring that in every case the jury must fix by their verdict the punishment to be inflicted within the period, or amount, prescribed by law, applies to double punishment, inflicted because of former convictions of felony authorized by section 1130.

4. Habeas Corpus—S·ope of Remedy—Void Judgment.—Where petitioner was sentenced to a double term of imprisonment because of former conviction, without the double term being fixed by the jury, as required by St. 1909, section 1130, his remedy was by application for a writ of habeas corpus to s·me officer authorized by statute to issue it.

5. Criminal Law—Judgment—Clerical Misprision—Correction.— Under St. 1909, section 1136, requiring the jury in each case to fix by their verdict the punishment to be inflicted within the period, or amount, prescribed by law, a judgment sen-

vol 131—24

tencing accused to 20 years' imprisonment on a verdict fixing 10 years as a penalty was a clerical misprision which could be corrected on motion by the court in which the judgment was rendered, even after accused had served the 10-year term.

OPINION OF THE COURT BY JUDGE O'REAR.

The petitioner Robert Channels was convicted April 14, 1898, under an indictment, in the Franklin circuit court, charging him with the crime of feloniously breaking into a dwelling house. The indictment also charged that he had been theretofore convicted in the Jefferson circuit court on the charge of a felony. The instructions of the court submitted to the jury impaneled in the case the question of the guilt of the accused upon the specific charge of which he stood indicted, and in addition told the jury that if they found from the evidence beyond a reasonable doubt that the defendant had previously, in the Jefferson circuit court, been convicted of a felony, and had thereunder been sentenced and confined in the penitentiary for a period of 10 years (which was the period doubtless stated in the indictment), that they ought to so state in their verdict if they found the defendant guilty under the first instruction. The jury returned this verdict: "We, the jury, find the defendant guilty and fix his punishment at ten years in the State prison. No. 2. We also find him guilty under the third instruction. Wm. Dennis, Foreman." Upon that verdict the circuit court entered a judgment of conviction against the accused, and sentenced him to confinement in the State penitentiary for a term of 20 years. The petitioner has presented his petition to this court, in which he recites that he has served the full term of 10 years, after having been

allowed his "good time" permitted by the statute, and now charges that the judgment, in so far as it sentenced him to a confinement of 20 years upon that verdict and charge, was void.   He prays that this court issue its writ of certiorari to the Franklin circuit court; that the record of the trial in which he was convicted, and under which he is now confined and being held, shall be brought to this court in order that the court may now adjudge that the judgment rendered at the April term, 1898, of the Franklin circuit court was void.

Let it be conceded that this court might, by the use of the writ of certiorari, or other proper writ of process, direct any record of an inferior judicial tribunal to be brought before us for examination, either in the exercise of appellate jurisdiction, or for the control of such inferior jurisdiction upon a proper showing therefor, under section 110 of the Constitution, the application in this case is not in the exercise of any jurisdiction that this court has.   It is true that under section 1130, Ky. Stats., 1909, every person convicted a second time of a felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction.   But it is also true that by the same section it is provided that such judgment in such cases shall not be given for the increased penalty, unless the jury shall find from the record and other competent evidence the fact of former conviction for a felony committed by the prisoner in or out of this State.   Still, under section 1136 of the statutes in every case the jury must fix by their verdict the punishment to be inflicted within the period, or amount, prescribed by law.   And it has been held that the provisions of this last-named section apply to pen-

alties inflicted under section 1130. Hall v. Commonwealth, 106 Ky. 894, 51 S. W. 814, 21 Ky. Law Rep. 520; Morrison v. Commonwealth, 56 S. W. 516, 21 Ky. Law Rep. 1814. Appeals to this court in criminal cases are regulated by statute. They must, to give the court jurisdiction, be prosecuted within the time prescribed by statute. But this is not an appeal. Nor could this court entertain jurisdiction of it if it were, considering the lapse of time since the judgment complained of was rendered. This court has not jurisdiction either originally or by appeal of proceedings under the writ of habeas corpus. The petitioner's remedy is by application to some officer authorized by statute to issue the writ of habeas corpus. The judgment for 20 years' imprisonment entered upon a verdict fixing 10 years as a penalty was a clerical misprison, which may yet be corrected upon motion by the court in which the judgment was rendered.

The motion for the writ of certiorari is overruled.