## White v. Kirby, Judge.

(Decided March 13, 1912.)

### Motion for Writ of Prohibition from Jefferson Circuit Court.

1. Writ of Prohibition—Remedy by Appeal.—A writ of prohibition will not be issued against a Circuit Court to restrain him from proceeding in a case before him if the applicant has an adequate remedy by appeal.

2. Jurisdiction—Appeal—Appearance to Action.—A defendant residing in another county who is sued jointly with another who resides in the county where the suit is brought when he objects to the jurisdiction of the court, may appeal from a judgment improperly entered against him and the appeal will not enter his appearance to the action.

O'REAR & WILLIAMS, JNO. M. STEVENSON and SAM'L M. WILSON for petitioner.

H. S. BARKER, KOHN, BINGHAM & SLOSS and KOHN for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON, ON MOTION FOR WRIT OF PROHIBITION—Motion overruled.

M. S. Barker brought a suit in the Jefferson Circuit Court against John G. White and the Greasy Fork Coal and Timber Company, a corporation created under the laws of Kentucky, and having its chief office in Louisville. White was served with process in Clark County where he resided. The corporation was served with process in Jefferson County. White filed a plea to the jurisdiction of the Jefferson Circuit Court on the ground

that the Greasy Fork Coal and Timber Company was not a necessary party to the suit, and that the Jefferson Circuit Court had no jurisdiction over him, as he had been served with process in Clark County. The circuit court overruled the plea to the jurisdiction and ordered White to answer the petition. Thereupon White filed in this court his petition to obtain a writ of prohibition restraining the judge of the Jefferson Circuit Court from proceeding further with the cause, on the ground that he is without jurisdiction as to him. It is insisted for White that though he has a remedy by appeal from the Jefferson Circuit Court to this court, this remedy will be inadequate for the reason that the rule is that an appeal on the merits of the case enters the defendant's appearance and on the return of the case to the circuit court he is before the court for all purposes.

We have held in a number of cases that we will not interfere with the circuit court where there is an adequate remedy by appeal and so the only question we deem it necessary to determine is whether White has an adequate remedy by appeal in the case before us. Section 78, of the Civil Code, is as follows:

"An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of the several defendants, who may be properly joined as such in the action, resides or is summoned."

This suit may only be maintained in Jefferson county upon the ground that one of the defendants who was properly joined as such in the action resides or is summoned here. If it shall turn out that the Greasy Fork Coal and Timber Company was not properly joined as a defendant in the action within the meaning of that section then the Jefferson Circuit Court will be without jurisdiction to enter a judgment against White, for section 79 and 80 provide:

"In an action brought pursuant to section 78, against a single defendant, there shall be no judgment against him, unless he be summoned in the county wherein the action is brought; or, unless he reside in such county when the action is brought and be summoned elsewhere in this State; or, unless he make defense to the action

before objecting to the jurisdiction of the court." (Civil Code, section 79.)

"In an action brought pursuant to section 78, against several defendants, no judgment shall be rendered against any of them, upon the service of a summons out of the county in which the action is brought, if no one of them be summoned in that county, nor resided therein when the action was commenced; not if the action be discontinued or dismissed as to the defendant who resided, or was summoned, in that county; nor if judgment be rendered in his favor, unless a defendant summoned out of that county make defense without objecting to the jurisdiction of the court." (Civil Code, section 80.)

If no judgment is rendered against the Greasy Fork Coal and Timber Company within the meaning of section 80 there can be no judgment rendered against White in the Jefferson Circuit Court and if a judgment is rendered against him improperly, and on appeal to this court it is so held, the appeal will not be a waiver of his right to object to the jurisdiction of the Jefferson Circuit Court. (Louisville Home Telephone Co. v. Beeler's Admr., 125 Ky., 366.) We, therefore, conclude that White has an adequate remedy by appeal. This conclusion makes it unnecessary for us to pass on the other matters urged by counsel.

Motion overruled.