## FARSON, SON & COMPANY *v.* BIRD, AS COUNTY TREASURER OF SHELBY COUNTY, ALABAMA.

ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 54. Submitted November 15, 1918.—Decided January 7, 1919.

Petitioners sought by mandamus to compel a county treasurer to devote the proceeds of a special tax·toward satisfaction of their county warrants, claiming that their contract rights in the fund were impaired by ·the action of the county board of revenue in levying the tax for another object, in violation of the Constitution. The state court decided the treasurer had no discretion under the state law but to follow the levy, and that petitioners' remedy, if any, was against the board or the county. *Held,* that this court had no jurisdiction· to review the judgment, because it was based on considerations of state law sufficient to sustain it without reference to the federal questions.

Writ of error to review 197 Alabama, 384, dismissed.

THE case is stated in the opinion.

·*Mr. G. W. L. Smith* for·plaintiff in error.

·No brief filed for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

But a single ·question is required to be decided. We state the case only to the extent essential to make this clear and to elucidate the issue to be considered. ·

In 1905 and 1907 the County of Shelby contracted to build and.furnish a court house. It was stipulated that the price .for the work should be evidenced by interest-bearing warrants, maturing during a series of years. By the constitution and laws of Alabama the power of taxa-

tion of the county for general purposes was limited, but, in addition, the constitution and laws authorized counties to levy annually a special tax of one-fourth of one per cent. to be applied to the erection or repair of county buildings, the construction of roads, bridges, etc. The warrants under the contract were in terms secured by an agreement of the county to levy this one-fourth of one per cent. tax annually and apply it to the payment of the warrants. The state law contained a provision authorizing the registry of county warrants and making such registration operate as a lien on the proceeds of the taxes dedicated to the payment of the warrants. The court house was completed, furnished, and accepted, and the warrants were issued in conformity with the contract and according to law.

In 1916, Farson, Son & Co., alleging themselves to be holders of warrants issued under the contract as above stated, filed their suit for mandamus against the county treasurer. The petition alleged the contract for the court house and averred that the board of revenue of the county, the governing body which had succeeded to the county commissioners previously in authority, while continuing the levy of the one-fourth of one per cent. tax, had, in impairment of the obligation of the court house contract, dedicated the proceeds of that tax, as collected, to roads or bridges, thus depriving the warrant holders under the court house contract of the means of payment to which they were entitled. It was alleged that, in consequence of such action, the county treasurer had refused to pay any of the proceeds of the one-fourth of one per cent. tax to the court house warrant holders, and had, in further violation of his duty, credited the same to other funds and paid them out accordingly. It was moreover charged that the treasurer had in his hands, despite such wrongful payments to others, the sum of about $12,000, derived from the one-fourth of one per cent. tax collected in 1915, which it was

his duty to apply as far as necessary to the discharge of a sum of $1,565, with interest, due on the court house warrants, and which he had refused to pay although demand had been made on him to do so. The petition expressly counted upon the protection of the contract rights which it asserted, not only by the constitution of the State but also by the contract clause of the Constitution of the United States, alleging impairment thereof by action of the board of revenue, legislative in character; and the prayer was that the county treasurer be mandamused to pay out of the one-fourth of one per cent. tax for 1915 in his hands the sum of $1,565, with interest. A demurrer to the petition, as stating no cause for relief, was sustained, and the case is before us upon the ground of the deprivation of federal right which arose from the action of the court below in affirming the trial court.

The court below conceded that under the state law mandamus was appropriate if the county treasurer had capacity to stand in judgment. It moreover conceded that, if the contract had been entered into as alleged, the attempt to violate it by dedicating the proceeds of the one-fourth of one per cent. tax to any purpose other than to the payment of court house warrants was, in so far as such proceeds were necessary to pay said warrants, void as an impairment of the obligation of a contract forbidden both by the state constitution and that of the United States. But from these premises it nevertheless decided that there was no right to the mandamus against the county treasurer. It rested its conclusion on provisions of the state constitution and laws, which it held defined the duty of that officer and absolutely deprived him of all power to apply or pay money coming into his hands by taxation levied for a particular purpose to another and different purpose. It decided, therefore, that if under the theory that the board of revenue had wrongly directed the appropriation of the one-fourth of one per cent. tax, ac-

tion against that body and not merely against the county treasurer was appropriate and necessary under the state law. The court said:

"If the facts alleged in this petition are true, they [the court house warrant holders] ought to have relief, and the county ought to be required to carry out its contract, or to answer in damages for the breach thereof, if the contract was valid and binding; but the relief must be had by different proceedings and against different officers, or the county itself, and not against the county treasurer. Mandamus may be petitioners' remedy, but under the facts alleged it must be against different officers than the county treasurer." 197 Alabama, 384.

Thus resting its decision exclusively upon the question of procedure and the power of the particular officer against whom the mandamus was asked as limited and defined by the state law, we see no basis for the contention that the action of the state court gave effect to the impairment of the obligation of a contract in violation of the contract clause of the Constitution. On the contrary, we are of opinion that when correctly tested it becomes apparent that the action of the court below involved only a ruling upon a question of remedy resting upon considerations of state law broad enough to sustain the conclusion reached without any reference to the federal questions which were raised and relied upon.

And any possible doubt on this subject, we are of opinion, is removed by the subsequent action of the court below in the case of *Board of Revenue, Shelby County*, v. *Farson, Son & Co.*, 197 Alabama, 375, cited in the brief of the plaintiff in error. In that case, which was an action against the board of revenue of Shelby County to compel the levy of the one-fourth of one per cent. tax, as provided in the court house contract, for the purpose of paying, not only certain warrants which were past due in 1916, but to provide for the warrants falling due in 1917, the court

awarded the mandamus sought. In doing so, it not only held that the court house contract was valid and that the agreement to levy the tax as therein stipulated was lawful, but, moreover, that the subsequent action of the board of revenue in diverting the fund to the detriment of the court house warrant holders was an impairment of the obligations of the contract and was void because of repugnancy to the constitution of the State and to the contract clause of the Constitution of the United States.

It is true, indeed, that in that case the court referred to its ruling in this case with approval, but the relief which was denied in the one and afforded in the other leaves no support upon which to rest the contention that contract rights secured by the Constitution were impaired by the ruling which was made in this case.

As our conclusion is that the federal question relied upon as the basis for the writ of error had no foundation, it follows that our decree must be, and it is

*Writ of error dismissed for want of jurisdiction.*