## McLaughlin v. Barr, Jailer.

(Decided May 10, 1921.)

### Petition for Writ of *Habeas Corpus.*

1. Courts —Appellate Court —Original Jurisdiction —Writs. —The Court of Appeals has power under section 110 of the Constitution and section 949 Ky. Stats. to issue any established writ for the purpose of exercising a general control over inferior jurisdictions.
2. Courts—Appellate Court—Original Jurisdiction—Habeas Corpus.— Although the Court of Appeals has the power to issue any established writ for the purpose of exercising general control over the inferior jurisdictions, the writ of habeas corpus like other original writs to be used by such court, is a discretionary one, and the power to use it will be sparingly invoked, and will not be exercised at all where any other adequate remedy is available or where any tribunal of original jurisdiction exists, which may grant the relief.
3. Habeas Corpus—Writ of.—Where one is imprisoned under the judgment of a court, the writ of habeas corpus does not lie for his relief unless the judgment is void, as such writ can not be made to do the office of an appeal.

H. M. DENTON and HARDIN H. HERR for petitioner.

LORAINE MIX, WM. THUM and C. B. SEYMOUR, Amicus Curae for Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Denying writ and dismissing the petition.

The petitioner, Adolph McLaughlin, avers that he was indicted in the Jefferson circuit court, and tried in that court for the crime of maliciously shooting and wounding another person, with the intent to kill such other, but from such shooting and wounding the other did not die. When tried upon the indictment he was found guilty by the verdict of the jury of the offense of unlawfully shooting and wounding in a sudden affray, without previous malice, and not in his apparently necessary self-defense,

and his punishment was fixed at imprisonment in the county jail for a period of one year, and a judgment to that effect was rendered by the court upon the verdict, and under the judgment he was committed to the custody of the jailer by a *mittimus* to undergo the sentence, where he is now confined. He further avers that he is being restrained from his personal liberty, without due process of law, in that he is unlawfully imprisoned, because the jury, which found him to be guilty and fixed a punishment, did not consist of twelve men, but instead consisted of eleven men and one woman. He insists that a jury of other than twelve men is in violation of article 7 of the Constitution, which provides, that "The ancient mode of trial by jury shall be held sacred and the right thereof remain inviolate subject to such modifications as may be authorized by this Constitution." His prayer is that a writ of *habeas corpus* be issued in his behalf against the jailer, and that upon a hearing that he be discharged from custody, under the judgment. While not expressly averred, it is inferred, that the theory of the petitioner is, that, he was incapable of waiving a trial by jury, or of consenting to a trial for felony by a jury, other than such a jury, as he insists, that the Constitution, by sections 7 and 11 of the Bill of Rights, provides, that a jury shall be, and that the jury, by which he was tried, not being such a one as is required by the sections of the Constitution, *supra,* was in effect not a jury, at all, and, the court did not have jurisdiction to impose upon him a penalty without the aid of a constitutional jury, and for such reason, the judgment rendered against him is void, and his imprisonment under it illegal and without authority of law.

A writ of *habeas corpus* has never been issued by this court, and, so far as we are advised, this is the first application, that has ever been made to it for such method of relief. Under the former constitutions of this Commonwealth, this court had appellate jurisdiction, only, but, it is now insisted, that by virtue of that portion of section 110 of the Constitution, which provides: "Said court shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions," and section 949, Ky. Stats., it has original jurisdiction to the extent of the power to issue all writs necessary to give it general control of inferior jurisdictions, and that a writ of *habeas corpus* is thus one of the

writs, which it has the power to grant, and the power to issue it, necessarily has the power attached, to hear, determine and dispose of the issue made by the return, thereon. In Re Channells, 131 Ky. 737, in which an application was made, not for a writ of *habeas corpus,* but for a writ of *certiorari,* occasion was taken to say, that this court had neither original nor appellate jurisdiction of a writ of *habeas corpus,* but, upon a rehearing of that cause, the opinion was modified by striking out of it, the declaration of the want of jurisdiction by this court of matters concerning proceedings by *habeas corpus.* See In Re Channels, 30 K. L. R. 1248. The opinion was probably modified upon the ground, that the question regarding the original jurisdiction of this court to issue a writ of *habeas corpus* was not directly involved and that the declaration in regard to it was not necessary to a decision of the question involved in the action.

If it is admitted that this court has the power to grant a writ of *habeas corpus,* nevertheless, the jurisdiction to grant such a writ must be exercised with a judicial discretion upon the facts of the particular case, and after a weighing of their merits. When the facts alleged in the petition are considered, it becomes apparent, that before the petitioner has presented a case, which would require the granting of the writ, it would be necessary to decide, whether in view of the present provisions of the Federal Constitution, and the statutes regulating the qualifications of jurors, a woman, although having the other qualifications prescribed by law for jury service, must be excluded from duty as a juror. If it should be decided that a woman has not legal qualifications for jury service, it would be then necessary to determine, whether the judgment under which the petitioner is imprisoned, is or is not void, because of the presence of a woman upon the jury, upon the verdict of which, the judgment was rendered, for if not void a writ of *habeas corpus* will not lie to relieve him from the sentence, as all the authorities hold, that the writ cannot be made to do the office of an appeal, or writ of error. Williams v. Hert, 157 Ind. 211; Lee v. McClelland, 157 Ind. 84; Ex Parte Brandon, 49 Ark. 143; Ex Parte Miller, 82 Cal. 454; In Re Walker, 61 Neb. 803.

Before, however, either of the foregoing questions is reached it is necessary to decide (1) whether this court has jurisdiction to grant a writ of *habeas corpus,* and (2)

if vested with this power should it be exercised under the facts stated in the petition. Until these questions are decided, the discussion of the other propositions mentioned would be academic and would lead us far afield, and in either event, their discussion would be unnecessary.

(a) It will be observed, that section 110, of the Constitution and section 949, Ky. Stats., vest this court with original jurisdictions to issue such writs, only, as are necessary to give a general control of inferior jurisdictions. In the instant case, the trial which resulted in the petitioner being found guilty, has been concluded, the judgment rendered, and the petitioner incarcerated in prison, and the relief which he seeks by *habeas corpus,* is not to have any control exerted over an inferior jurisdiction, as might be done by a writ of mandamus to require a judicial officer to exercise his jurisdiction, or by a writ of prohibition to restrain a court from wandering out of its jurisdiction or from proceeding irregularly within it, but, to relieve him from an alleged illegal imprisonment, the result of an exercise of jurisdiction, but, after it has been exercised and exhausted, as far as concerns the petitioner with relation to the cause of his imprisonment. The language of section 110, *supra,* as applied to the facts of this case, scarcely seems broad enough to invest this court with jurisdiction to grant an original writ to disturb the results of inferior jurisdictions, which have already been exercised. Section 110 of the Constitution does not prescribe the original writs, the power to issue which, its provisions impose upon this court, to enable it to exert a general control over inferior jurisdictions, but, it is to be inferred, that the Constitution makers had reference to the well known writs, which had an established place in the administration of the law and the writ of *habeas corpus* is one of the most ancient and probably has the greatest place of any in the laws as administered by English speaking peoples, although it is now and was at the time of the adoption of the Constitution, a statutory writ, by the terms of which its uses, and the persons, who could put it into operation, were defined. The writs of mandamus and prohibition were, also, statutory writs at the adoption of the present Constitution, and the sections of the Civil Code define their offices and the manner in which and the courts by which they may be made use of, but, this court has not hesitated to appropriate and use

them, for the purposes for which the statutes provide them, in exercising the original jurisdiction given to it by section 110, *supra.* Hence, we do not hold that this court is without power to make use of a writ of *habeas corpus,* under any and all circumstances, and when its use may be necessary to exercise a general control over an inferior jurisdiction, as plenary power is vested in this court to make use of any writ necessary to effect the purpose stated in section 110 of the Constitution, although such an occasion as may call the necessity of the writ of *habeas corpus* into being, does not present itself by reason of any state of circumstances, which now occur to us.

The design of the Constitution and statute makers of our state is very plain, in that their purpose was to establish the courts, inferior to the Court of Appeals, as the courts of original jurisdiction, wherein all controversies and subjects of litigation were to be not only initiated, but to be finally disposed of, while the Court of Appeals was intended to be primarily and chiefly a court of review, as its name implies, and the original jurisdiction vested in it by section 110, *supra,* limited as to the objects and purposes as it was, is really a mere incident of its supervisory power and for the purpose of aiding the uniform administration of justice and hence this court will not exercise its original jurisdiction, by the granting of any writ, like that of the *habeas corpus,* as a matter of right in any claimant, but only where there is no other adequate remedy and as the only remedy provided when it is necessary to prevent injustice, oppression or wrong. If any other remedy exists the applicant will be relegated to it and such is the general rule in other jurisdictions, where an appellate court is vested with certain original jurisdiction to make use of remedies, such as this court is clothed with. People v. Araphoe Co., 58 Pac. 608. It is apprehended, that in the use of the writ of *habeas corpus,* this court should be guided by principles similar to those, upon which it acts, in the use of the extraordinary writ of prohibition. Although clothed with the power to make use of the writ of prohibition in every case, when necessary to give it control of an inferior jurisdiction, the power is exercised sparingly, and will not be exercised at all, when adequate relief may be obtained by appeal or there is another tribunal, provided with power to grant the relief and which may be applied to, and which may grant the relief more expeditiously and appropriate-

ly than this court, and besides preventing its dockets from being overburdened by original matters, which may be transacted by tribunals of original jurisdiction. The opinions in the following cases, will illustrate the principles applied in the use of the writ of prohibition, and they have the same application in the use of any other extraordinary writ by this court. Renshaw v. Cook, 129 Ky. 347; Board of Prison Commrs. v. Crumbaugh, 161 Ky. 540; Clark County Court v. Warner, 116 Ky. 808; Hindman v. Toney, 97 Ky. 413; Weaver v. Toney, 107 Ky. 419; Rush v. Denhardt, 138 Ky. 238; I. C. R. R. Co. v. Rice, 154 Ky. 198; White v. Kirby, 147 Ky. 496; Fish v. Benton, 138 Ky. 644; Jenkins v. Berry, 122 Ky. 311; Morgan v. Clements, 153 Ky. 33. In the instant case, chapter 4, of Title X, of Criminal Code, provides an ample remedy for the petitioner. In the county of Jefferson, wherein he is confined, there are six circuit judges available to him. To either of them, he may apply for a writ of *habeas corpus,* and have a speedy hearing of his cause before a judge with general original jurisdiction and without the necessity and ill convenience attending his removal to the sittings of this court. It is true, he will not have the right of an appeal from the judgment of that judge, but that does not make inadequate the remedy, as the right of appeal is a privilege which the law making power has the right to bestow or to deny, and many years of experience has not demonstrated the necessity of the right of appeal in such a proceeding. It is not unlike many other causes, which when decided by the court of original jurisdiction, there is no appeal from the judgment, but, this is not a denial of justice nor the due process of law. Standard Oil Co. v. Lynn, 17 K. L. R. 833; Carey v. Sampson, 150 Ky. 460.

The petition is therefore dismissed and the writ denied.

The whole court sitting.