## Rush v. Childers, Presiding Judge of the Pike Circuit Court and Rush Williamson.

(Decided May 19, 1925.)

## On Motion for Writ of Prohibition.

1. Prohibition—Writ to Prohibit Consideration of Case Denied, where Remedy on Appeal was Ample.—Whether Civil Code of Practice, Kentucky, section 51, subdivision 6, under which service was had on defendant, is violative of Constitution, Kentucky, section 51, or Constitution, U. S., article 4, section 2, and Amendment 14, section 1, should not be determined on application, under Constitution, Kentucky, section 110, for writ of prohibition against court, entertaining jurisdiction, under authority of statute, and writ should be denied; there being ample remedy by appeal.

2. Prohibition—Lack of Jurisdiction Not Ground for Writ, if Full Remedy May be had on Appeal.—That court assumes to act without jurisdiction is not ground for writ of prohibition, if full or adequate remedy may be obtained otherwise as on appeal.

3. Prohibition—Writ Would Issue to Stop Enforcement of Void Statute or Ordinance Resulting in Damage and Multifarious Prosecutions.—Where attempt to enforce void statute or ordinance would result in damage and multifarious and persecuting prosecutions, writ of prohibition to stop proceedings would issue, notwithstanding there would be an appeal from judgment, since that remedy would not be adequate.

4. Appearance—Appeal from Judgment Held Not "General Appearance," so as to Waive Objection to Jurisdiction of Lower Court.—In view of Acts 1924, chapter 34, an appeal from judgment on motion to quash summons will not constitute a "general appearance" in action, so as to waive objection, properly taken, to jurisdiction of lower court.

5. Prohibition—Delay, Consequent on Appeal, Held Not to Render it Sufficiently Inadequate to Justify Writ.—On application for writ of prohibition against personal injury action, facts that action was brought several years after accident and that a remand on appeal would make subsequent trial so long after accident as to endanger fairness held not sufficient to justify court in determining question raised as to lower court's jurisdiction.

HARMAN, FRANCIS & HOBSON for plaintiff.

J. C. CANTRELL for defendants.

. ᐧ OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Overruling motion for and denying writ of prohibition.

Rush Williamson, a citizen of Pike county, this state, instituted in the .circuit court of that county an action against the H. G. Rush Stave Company and H. G. Rush, seeking the recovery of damages for personal injuries claimed to have been sustained by him while in their employ and through their wrongful acts and negligence. It was, in substance, alleged in the petition that the H. G. Rush Stave Company was and is a partnership composed of H. G. Rush, and others to Williamson unknown; and that as such partnership the H. G. Rush Company and H. G. Rush, have been and are engaged in the business of manufacturing staves and lumber in Pike county in the firm or partnership name of H. G. Rush Stave Company; that when employed by the H. G. Rush Stave Company and H. G. Rush to labor in their manufacturing plant and at the time of receiving his injuries, Williamson was an infant under sixteen years of age, wholly unskilled and inexperienced in the work of manufacturing staves and lumber, all of which was known to the H. G. Rush Stave Company, H. G. Rush and T. J. Kinser, their agent and manager of their mills, stave and lumber business, that on account of his infancy his employment by them was unlawful, and that by reason thereof, and of their negligence and that of their agent and manager, Kinser, in requiring of him dangerous work in the plant and failing to provide him a reasonably safe place in which to perform it, his injuries were received.

It appears from the averments of the petition and the date of the filing thereof that although Williamson's injuries were received in the year 1916, the action to recover the damages claimed therefor was brought by him within the year immediately following his arrival at the age of twenty-one years.

H. G. Rush was at the time of the institution of the action by Williamson, and is now, a resident of the state of Pennsylvania, and the summons that was issued on the petition against the H. G. Rush Stave Company and H. G. Rush, was executed by the sheriff of Pike county, as shown by his return, upon the H. G. Rush Stave Company, and H. G. Rush by delivering a true copy thereof to T. J. Kinser, as their agent and the manager in charge of their property and business in Pike county, Kentucky. Following the execution and return of the summons by

the sheriff, H. G. Rush appeared by attorney in the Pike circuit court, and entered his appearance for the sole purpose expressed in the following motion:

"The defendant, H. G. Rush, entering his appearance for the purpose of this motion alone, moves the court to quash the return on the summons herein; and for cause says that the same is not sufficient to show any service of summons on the defendant within the meaning of the due process clause of the constitution of the United States. This defendant being a resident of Pennsylvania and having no agent within this state for the service of process. On this motion he prays the judgment of the court."

The above motion was supported by the affidavit of his attorney, substantially confirming the statements contained in the motion to quash the return on the summons and, stating in addition, that H. G. Rush was in the year 1916, and now is, the sole and individual owner of the manufacturing plant and stave and lumber business conducted in Pike county, Kentucky, in the name of H. G. Rush Stave Company.

The motion to quash the summons was overruled by the circuit court, to which ruling H. G. Rush by counsel duly entered of record an exception. Rush thereupon filed an answer to the petition of Williamson which, without waving his objection to the action of the court in overruling his motion to quash the return on the summons, or his right to insist upon his objection to its jurisdiction, traversed the averments of the petition; alleged Rush's residence and citizenship to be in Pennsylvania; his sole ownership of the property and business controlled and conducted in Pike county in the name H. G. Rush Stave Company; and further that T. J. Kinser was not, and had never been appointed, his agent in the state of Kentucky upon whom service of process might be had.

After the filing of the answer of H. G. Rush in the action pending in the Pike circuit court, the latter by a pleading filed in this court (the Kentucky Court of Appeals), which in form and substance may be denominated both a petition and motion, constituting an original action or proceeding, in which he (H. G. Rush) is named as plaintiff, and J. E. Childers, judge of the Pike circuit court and Rush Williamson, plaintiff in the action in the latter court, are made defendants; its object being to

obtain of the Court of Appeals a writ of prohibition to prevent the judge of the Pike circuit court from taking jurisdiction, or proceeding with the trial of, the action for damages pending in that court. The defendants filed a general demurrer to the petition and motion, which presents for our decision the vital question to be determined.

It is conceded by counsel for the plaintiff, H. G. Rush, that the summons issued in the action pending in the Pike circuit court, wherein Rush Williamson is plaintiff and the H. G. Rush Stave Company and H. G. Rush defendants, was executed as authorized by section 51, subsection 6, Civil Code, but insisted by counsel that notwithstanding such authorization of its service, neither jurisdiction of the action, nor of the persons of the defendants therein, was thereby acquired by the Pike circuit court, or the judge thereof. It being his contention that subsection 6, section 51, of the code, *supra,* is unconstitutional and void, because violative of section 51 of the Constitution of this state, in that the provisions of subsection 6 were by legislative enactment added to section 51 of the code by way of an amendment thereto, without, as required by section 51, Constitution, re-enacting and publishing at length the whole of the section as thus amended. It is also insisted for the plaintiff, and urged by his counsel, as the ground principally relied on for the writ of prohibition prayed of this court, that subsection 6, section 51, code, likewise violates article 4, section 2, and article 14, section 1, Constitution of the United States; the former declaring: "The Citizens of each state shall be entitled to all privileges and immunities of citizens in the several states;" and the latter that:

> " . . . No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Counsel for plaintiff cites the cases of Flexner v. Farson, 248 U. S. 269; and Moredock v. Kirby, 118 Fed. R. 80, each of which, it is claimed, supports his contention as to the unconstitutionality of section 51, subsection 6, Civil Code. On the other hand, counsel for the de-

fendants, J. E. Childers, judge of the Pike circuit court and Rush Williamson, is insistent in his advocacy of the constitutionality of the code provision, *supra,* and in support thereof cites a number of cases, beginning with Guenther v. American Steel Hoop Co., 116 Ky. 580, all decided by this court, and in each of which its constitutionality was declared or recognized.

In view of the conclusion at which we have arrived in this case, it will be unnecessary, indeed improper, for us to determine whether section 51, or subsection 6, of the Civil Code in question, are repugnant to the provisions of the state or federal Constitution referred to, or otherwise. The general rules by which we feel it our duty to be governed in passing on the plaintiff's motion for the writ of prohibition prayed in his case, are tersely stated in 22 Ruling Case Law, section 10, page 12, as follows:

> "Even though a court assumes to act in a case where it has no jurisdiction, this alone is not a sufficient ground for the issuance of a writ or prohibition, if a full, complete and adequate remedy can be obtained otherwise, as, for instance, by appeal. It is otherwise, however, if the particular case is not appealable. Under such circumstances prohibition will lie to correct an erroneous decision of a question of jurisdiction."

Again in section 11, page 13, of the same volume, the further rule with respect to the granting of writs of prohibition, is thus stated:

> "Where the validity of a statute or ordinance is involved the general rule obtains that a writ of prohibition will not be granted in advance of the trial or determination in the inferior court where the question is presented, when a plain remedy by appeal is afforded, though it may be that the higher court will, when the question is presented to it, determine that the statute or ordinance is invalid."

The only exception to the above rule, mentioned in connection with it, is subsequently stated in the same paragraph as follows:

> "Thus where an attempt to enforce a void statute or ordinance results in damage to property and multifarious and persecuting prosecutions, the

remedy by appeal is not adequate, therefore a resort to the writ of prohibition to put a stop to the proceeding is proper.''

The case of Rush v. Denhardt, 138 Ky. 238, in which the writ was granted, was one that clearly came within this exception. It is true in that case the defendant county judge was not attempting to enforce a void statute or ordinance, but he was arbitrarily proceeding, without authority to cancel numerous licenses, legally granted to the holders, to retail intoxicating liquor in quantities not less than a quart, which would have entailed upon the licensees the property losses and persecuting prosecutions mentioned in the exception, *supra*, that would, as therein stated, and also pointed out in the opinion of the case, have rendered the remedy by appeal wholly inadequate.

The rules, *supra*, have, in the main, been observed by this court in the numerous cases coming before it in which the issuance of the writ of prohibition was sought; and in many of them it has been declared that the supervisory power conferred upon the court by section 110, Constitution, is wholly independent of any question of jurisdiction in the inferior courts, but that in no event will it be exercised unless the failure to call it into use will eventuate in a manifest injustice for which the petitioner for the writ has no other adequate remedy. Gilman v. Doak, County Judge, 194 Ky. 21; Jenkins v. Berry, 122 Ky. 311; Morris v. Randall, 129 Ky. 720; White v. Kirby, Judge, 147 Ky. 496; Ohio River Contract Co. v. Gordon, Judge, 170 Ky. 412.

In White v. Kirby, Judge, and Ohio River Contract Co. v. Gordon, Judge, *supra*, the facts, as well as the grounds relied on for the granting of the writ, were analogous to those of the case at bar, yet in each of those cases the writ was refused, because the applicant therefor had an adequate remedy by appeal; it being in each of them held that the granting or refusing of the writ is a matter reposing in the sound discretion of the appellate court, to be determined by the facts of the particular case, which, in order to authorize the granting of the writ, must in their character be so exceptional or unusual as to make it apparent that the violation of one's rights is threatened, to prevent the evil results of which he had no adequate remedy, other than the writ of prohibition.

The most recent case decided by this court involving an application for the writ of prohibition is that of Duffin v. Field, Judge, 208 Ky. 543, in which, after an elaborate review of the question and numerous cases bearing thereon, the purpose of the court to adhere to the rule announced in the cases, *supra,* is clearly stated in the opinion.

It is manifest that the grounds urged by the plaintiff for the writ of prohibition sought in the instant case are insufficient to authorize its issuance, as the right of appeal given him by the law, if exercised to obtain a review and correction of such errors as have been, or may be, committed to the prejudice of his substantial rights by the rulings or judgment of the judge of the Pike circuit court in the action therein pending, will afford him an adequate remedy. And this will be true whether, upon such appeal, this court should adhere to its ruling in Guenther v. American Steel Hoop Co., *supra,* and later cases, sustaining the constitutionality of section 51, subsection 6, Civil Code, or adopt the view that it is in conflict with the federal Constitution, as declared by the Supreme Court of the United States in Flexner v. Farson, *supra.* As in either event the remedy by appeal would, in law, be deemed adequate.

The intimation of counsel for the plaintiff, that the prosecution by the latter of an appeal from the judgment of the Pike circuit court, might have the effect to enter his appearance to the action and operate as a waiver of his objection made in the lower court to its jurisdiction, is unwarranted. It is true that such has been the ruling of this court in a number of cases, but in White v. Kirby, Judge, 147 Ky. 496, it was held that a defendant, after duly objecting in the circuit court to its jurisdiction, may appeal from a judgment claimed to have been improperly entered therein against him, without entering his appearance to the action; and it will be found upon investigation that this ruling has been followed in one or more later cases. However, such confusion as may have existed in the decisions of this court with respect to this question, has recently been removed by an act of the legislature, chapter 34, Acts General Assembly, 1924, which provides:

"That the taking of an appeal from an order or judgment of any trial court overruling a motion to quash a summons, or the officer's return of service

thereon, shall not constitute an entry of appearance in said suit in any court by the appellant.''

Finally, it is urged by counsel for the plaintiff that there are conditions and circumstances existing in the action pending in the Pike circuit court that will prevent an appeal from affording the latter an adequate remedy. These, it is claimed, are not merely the delay and expense that will result from the prosecution of an appeal, but that in the event its decision should remand the case to the circuit court for trial, as six years or more have elapsed since the injuries of Williamson, the plaintiff in that action, were received, and during that time many of the witnesses conversant with the facts have removed or been scattered, it would be difficult, very expensive and probably impossible, for the parties to the action to procure the attendance or testimony of their witnesses, or some of them, at such trial; which, it is further claimed, might prevent one or both of the parties from obtaining a fair trial. It is argued, therefore, by counsel for plaintiff that the conditions and circumstances referred to should induce the Court of Appeals in passing upon the motion of the plaintiff for the writ of prohibition, to determine the question of jurisdiction thereby raised; and this the court is requested by counsel for the plaintiff, and also for the defendants, to do.

The request is one with which we are unable to comply. While in Fleece v. Shackelford, Judge, 204 Ky. 841; and also in Huggins v. Field, Judge, 196 Ky. 501, like requests were granted, in the recently decided case of Duffin v. Field, Judge, *supra,* a similar request was refused; and the reasons for such refusal, which as well set forth the situation in the instant case as they did that existing in that case, are well stated in the following excerpt from the court's opinion therein:

"But we have concluded to forego our desire to accommodate counsel and to determine the question of our jurisdiction and dispose of the case accordingly. The reasons for our doing so are (a) if we have no jurisdiction under the prescribed practice we should not consume our time at the request of counsel and litigants in assuming it, since our opinion without jurisdiction would be *coram non judice;* and (b) in an unguarded moment we were led by similar appeals to pursue the course re-

quested, in the case of Huggins v. Field, 196 Ky. 501, which has been followed by an unprecedented number of applications to us for the same relief from supposed interlocutory rulings of courts during the progress of their hearings, and all to the detriment of the performance of our primary duties as an appellate tribunal. We are heavily taxed with them already and we are admonished that we should not infringe upon our time or burden ourselves further with entertaining original actions filed before us, except where it is necessary to carry out the intent and purposes of section 110 of the Constitution, *supra."*

It readily will be understood from the language of the opinion, *supra,* that it clearly announces the purpose of this court to refrain from future indulgence in a practice into which it was unwisely about to be led through its willingness to gratify the wishes of importunate counsel or litigants.

As in our opinion the plaintiff in the case at bar has failed to present any sufficient reason for the granting to him of the writ of prohibition prayed for, his motion therefor is overruled, the petition dismissed and the writ denied.

The whole court sitting.