### Ramey v. Weddington.

(Decided May 18, 1937.)

HOWES & WALKER for appellant.

·C. P. STEPHENS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming

The appeal is from a judgment enjoining the enforcement of a judgment in favor of 'appellant.

The facts are: On April 20, 1931, Frank S. Friend, a resident of Floyd county, brought suit in the Johnson circuit court against Hannibal Cooper, H. Waterman, Abe Carter, J. S. Myers, and Evalena Ramey to set aside a tax sale of laundry equipment owned by him, and located in Paintsville, Johnson county, and to recover damages for its detention. Summons was served on H. Waterman and Hannibal Cooper in Johnson county. It was not executed on J. S. Myers or Evalena Ramey. Cooper, Waterman, and Carter demurred to the petition. On February 13, 1932, Friend filed an amended petition making W. M. Preston, sheriff of Johnson county, and the Fidelity & Deposit Company of Baltimore parties defendant. Summons was issued on the amended petition and served on Cooper, Waterman, Preston, and C. H. Rice, agent of the Fidelity & Deposit Company. On February 28, 1933, alias summons was served on J. H. Cooper and Evalena Ramey. Demurrers were again filed by Cooper, Waterman, and Carter, and also by Preston and the Fidelity & Deposit Company. On June 25, 1932, J. S. Myers filed a separate answer, counter-claim, and cross-petition against Frank S. Friend, Cooper, Carter, Waterman, Preston, Evalena Ramey, and Mrs. J. M. Weddington, by which Myers sought to enforce a mortgage lien on certain parts of the laundry equipment owned by Frank S.

Friend. No summons was issued on this pleading, but Preston, Evalena Ramey, and J. H. Cooper filed demurrers. Cooper also filed a separate answer to the cross-petition of Myers.

On June 29, 1933, and after the laundry equipment had been taken from Frank S. Friend by tax sale, Evalena Ramey filed a separate answer and cross-petition against Frank S. Friend and Mrs. Myrtie Weddington, late doing business under the firm name of Sandy Valley Steam Laundry, and also against J. H. Cooper and H. Waterman. Judgment was prayed against Mrs. Weddington for certain sums alleged to be due, and also against Waterman and Cooper for certain sums alleged to have been owing by them. She also asked that she be adjudged a prior lien on the laundry equipment, and for a sale thereof, and that summons issue against Mrs. Weddington, Frank S. Friend, H. Waterman, and Hannibal Cooper for costs, etc. No relief was asked against Friend on the cross-petition. Summons against Mrs. Weddington was issued to Floyd county, and there served on her on July 6, 1933. Summons was issued to Johnson county for Friend, Waterman, and Cooper, but was served only on Cooper. On October 2, 1933, Mrs. Ramey filed an amended answer, counter-claim, and cross-petition against C. E. Friend, Waterman, and Cooper. Summons directed to Floyd county was served on C. E. Friend. In this pleading Mrs. Ramey asked judgment against Friend for $60, and a lien on the laundry equipment for $172.50 was also prayed. On November 28, 1933, Cooper and W. M. Preston filed separate answers to the amended petition of Frank S. Friend. On final hearing the Johnson circuit court adjudged: (1) That Friend's petition and amended petition be dismissed, and that Cooper, Waterman, Myers, Mrs. Ramey, W. M. Preston, and the Fidelity & Deposit Company of Baltimore recover their costs; (2) that the defendant Myers in his cross-petition recover of Mrs. Weddington certain sums with interest; (3) that Mrs. Ramey recover of her codefendant, Mrs. Myrtie Weddington, $105.13 and $240, with interest, with lien on the laundry equipment to secure the payment; (4) that Mrs. Ramey recover of C. E. Friend the sum of $60, with interest, with lien on the laundry equipment; (5) that the cross-petition of Mrs. Ramey against J. H. Cooper be dismissed with costs; (6) that Mrs. Ramey recover the sum of $172.50, with lien on the laundry

equipment; (7) out of the proceeds of the laundry equipment the master commissioner was directed to pay the costs, and the items of $172.50, and $60, and apply the residue, if any, as a credit against the amounts adjudged against Mrs. Weddington.

On March 1, 1934, Mrs. Ramey caused to be issued from the clerk's office of the Johnson circuit court an execution on the judgment in her favor. The execution was placed in the hands of the sheriff of Floyd county and was levied on certain real estate belonging to Mrs. Weddington. Thereupon Mrs. Weddington brought this action against Mrs. Ramey, the sheriff of Floyd county, and his deputies, to enjoin the sale of the property. As above indicated, the court granted a permanent injunction, enjoining the enforcement of the Johnson county judgment.

1. It is first insisted that the demurrer to the petition should have been sustained on the ground that it stated a mere legal conclusion when it alleged that the judgment by which the said execution issued was void, in that Myrtie Weddington was not before the court in the action in which the judgment was rendered, and her appearance had not been entered thereto. It must not be overlooked that appellant did not stand on her demurrer, but filed an answer denying the allegations of the petition and pleading affirmatively certain facts which she claimed showed that Mrs. Weddington was before the court. Evidence was heard, and the court found that Mrs. Weddington was not before the court, and granted an injunction on that ground. We therefore conclude that any defect in the petition was cured by the answer and the judgment. Fiscal Court of Pendleton County v. Pendleton County Board of Education, 240 Ky. 589, 42 S. W. (2d) 885; Finan v. Finan's Trustee, 247 Ky. 658, 57 S. W. (2d) 644; Pacific Mutual Life Insurance Company v. Taylor, 166 Ky. 323, 179 S. W. 199.

2. Another contention is that the restraining order issued by the clerk ceased to be valid for the reason that the court did not rule on the motion to dissolve for more than 10 days after the motion was filed. Even if the contention be sound, a question which we need not determine, yet as a permanent injunction was granted, it is at once apparent that it is wholly immaterial, even if the restraining order did cease to be valid.

3. Another contention is that the court erred in

permitting the original record of Frank S. Friend v. Hannibal Cooper et al. to be filed in the action. It is not claimed that the record filed is not in fact the original record, and it is not perceived how appellant was prejudiced in any way by the action of the court in permitting the original record to be filed.

4. The further point is made that there was no motion for a permanent injunction, and therefore no basis for granting the injunction. The very purpose of the action was to obtain an injunction permanently enjoining the sheriff and his deputy from selling the property. That being true, the prayer of the petition was sufficient to bring the matter to the attention of the court, and no motion or other application was necessary.

5. It remains to determine whether the judgment rendered against Mrs. Weddington on the cross-petition of appellant in the Johnson circuit court action of Frank S. Friend v. Hannibal Cooper et al. is valid.

Section 78 of the Civil Code of Practice provides:

"An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

Section 80 provides, in part, as follows:

"In an action brought pursuant to section 78, against several defendants, no judgment shall be rendered against any of them, upon the service of a summons out of the county in which the action is brought, if no one of them be summoned in that county, nor resided therein when the action was commenced; nor if the action be discontinued or dismissed as to the defendant who resided, or was summoned, in that county; nor if judgment be rendered in his favor, unless a defendant summoned out of that county make defense without objecting to the jurisdiction of the court."

The foregoing sections are strictly construed in favor of a defendant who is not a resident of the county in which the suit is brought. Caywood v. Williams, 218 Ky. 282, 291 S. W. 377. Improper joinder will not confer jurisdiction over a defendant who is not summoned in the county, and the judgment against him is void un-

less he defends without objecting to the jurisdiction of the court, or otherwise enters his appearance. Willis. v. Tomes, 141 Ky. 431, 132 S. W. 1043. The answer of one of several defendants not residing in the county where the suit is brought does not confer jurisdiction as to other defendants who are summoned out of the county. Kennedy's Adm'r v. Davenport, 13 B. Mon. 167. If several defendants are sued, and one is served with process in another county, judgment cannot be rendered against him if action is dismissed as to, or judgment is not rendered against, one served in the county where the suit was brought. Duckworth v. Lee,. 10 Bush, 51. Jurisdiction over a defendant not a resident of the county in which the action was brought, and summoned out of the county, is lost after the rendition of the judgment in favor of the local defendant. University of Louisville v. Metcalfe, 216 Ky. 339, 287 S. W. 945, 49 A. L. R. 375. An action to enforce a lien on personal property is not required by sections 62 to 77,. inclusive, of the Civil Code of Practice to be brought in any particular county, and though it may be brought. in the county where the property is located, it is purely transitory in so far as a personal judgment is concerned.

Appellant's answer and cross-petition did not disclose any joint liability between Mrs. Weddington and. any of the defendants resident or summoned in Johnson county. She was alleged to owe rent up to May 1,. 1931. It was alleged that after that time Cooper, Waterman, and Carter owed the rent, and still later C. E. Friend owed a small amount of rent. In the circumstances it is clear that Mrs. Weddington was not properly joined as a defendant in the cross-action. But we may go further. Frank S. Friend, who resided in Floyd county, was not summoned either in Johnson county or Floyd county. His petition was dismissed, and no judgment on the cross-petition was rendered against him. C. E. Friend was also a resident of Floyd county, and served with process in that county. The cross-action was discontinued or dismissed as to all the defendants. resident in Johnson county, or served in that county. In the circumstances the Johnson circuit court was without jurisdiction to render judgment against Mrs. Weddington.

6. But it is claimed that Mrs. Weddington entered.

682

her appearance in the Johnson circuit court action by filing a schedule directing the clerk to copy the entire record for use by her on appeal to the Court of Appeals. It is the rule that an actual appeal by one improperly joined will not enter his appearance, Louisville Home Telephone Co. v. Beeler's Adm'x, 125 Ky. 366, 101 S. W. 397, 31 Ky. Law Rep. 19; Louisville & N. R. Co. v. Stewart, 163 Ky. 164, 173 S. W. 757; White v. Kirby, 147 Ky. 496, 144 S. W. 369; and it is not perceived how the mere filing of a schedule for the purpose of an appeal will have any greater effect.

Judgment affirmed.