## Mills v. Trinity Universal Ins. Co.

Nov. 8, 1944.

520

Guy L. Dickinson and Zeb A. Stewart for appellant.

H. H. Owens for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

This case was recently before us under the style Trinity Universal Ins. Co. v. Mills, 293 Ky. 463, 169 S. W. 2d 311, 315. The opinion, reversing on technical grounds, fully sets out the facts upon which we concluded that there was a misjoinder of actions; that return on summons should have been quashed for reasons mentioned, and that jurisdiction lay in the Harlan rather than the Knox circuit court.

In our original opinion, and as the case is reported both in Kentucky Reports and Southwestern, we closed with these words: ''The judgment is reversed with directions to set it aside and to enter an order quashing the service on the summons served upon the motor company, and sustaining the *defendants'* plea to the jurisdiction of the court.'' Mandate was issued on April 7, 1943, and filed in the trial court on April 19, 1943, and as issued and filed the word italicized was written ''defendant's.'' No action was taken following this filing, but the mistake in placing the apostrophe was later discovered, and another mandate bearing the April date issued from the clerk's office, was filed in the circuit court without objection either as to issuance or filing, on November 16, 1943. At this time appellees here, then appellants, moved the court for judgment conforming to the mandate. On April 29, 1944, the court dismissed the action without prejudice, and relinquished jurisdiction. Mills was granted an appeal.

Counsel for Mills is now contending that the word italicized was written ''defendant's'' in the opinion, a possessive singular, and thus referred only to the Motor Company, and did not include the insurer. Apparently counsel confuses the first mandate issued with the

opinion as written. This concludes the argument, though if the controversial word be omitted a reading of the opinion would clearly indicate that the court intended that the joint and several plea to the jurisdiction of the Knox court should have been sustained.

Counsel further contends that under our opinion and under the law the jurisdiction of the insurer was in the Knox court. The sustaining of the plea to jurisdiction is the law of the case under repeated decisions of this court. It is further contended that since both the Motor Company and insurer prosecuted appeal, upon reversal of the judgment and remand, they were properly before the court by appearance, under the authority of Foster-Milburn Co. v. Chinn, 134 Ky. 424, 120 S. W. 364, 34 L. R. A., N. S., 1137, 135 Am. St. Rep. 417; Ohio River Contract Co. v. Gordon, Judge, 170 Ky. 412, 186 S. W. 178; Thomas B. Jeffrey Co. v. Lockridge, 173 Ky. 282, 190 S. W. 1103, and other cases which held an appeal from an order overruling motion to quash summons serves to place the complaining party before the court of first instance for all purposes upon remand. However, that has not been the rule for about twenty years. Prior to 1924 there was some confusion. Among the first cases noted as so holding is Chesapeake, & O. & S. W. R. Co. v. Heath's Adm'r, 1888, 87 Ky. 651, 9 S. W. 832, and perhaps the last one before the Act of 1924, Ch. 34, is Jeffrey Co. v. Lockridge, supra. The Act provided that the taking of an appeal from an order overruling motion to quash return of service on summons did not constitute entry of appearance in any court; this Act is embraced in sec. 734a, Civil Code of Practice.

We had already held in White v. Kirby, Judge, 147 Ky. 496, 144 S. W. 369, that after duly objecting to jurisdiction in the circuit court, an appeal would not serve to enter appearance on remand, where the order was improperly entered holding jurisdiction. Rush v. Childers, Judge etc., 209 Ky. 119, 272 S. W. 404, was written in such a way as to eliminate all confusion. As far back as 1907 in Louisville Home Tel. Co. v. Beeler's Adm'x, 125 Ky. 366, 101 S. W. 397, 402, where defendants had filed demurrer and special plea to the jurisdiction of the court, and without waiving had answered on merits, we held that where the objection was properly raised and maintained, there was no entry of ap-

pearance. In speaking of the contra rule in the older cases Judge Clay, in an extended opinion, said: "Such doctrine may be venerable from its antiquity; it may be entitled to respect because it has the force of a long established precedent, but it neither meets the requirements of reason, nor satisfies the demands of justice." A casual survey manifests that since the Rush case, supra, the question has been presented only a few times. We adhered to the rule in the Home Telephone case in Ramey v. Weddington, 268 Ky. 675, 105 S. W. 2d 824. The first record shows that the question was properly maintained throughout.

Judgment affirmed.